# IN THE COURT OF APPEALS OF THE STATE OF IDAHO

## Docket No. 41409

| | |
|---|---|
| **HAROLD EDWARD GRIST, JR.,** | ) **2015 Unpublished Opinion No. 366** |
| | ) |
| Petitioner-Appellant, | ) **Filed: February 23, 2015** |
| | ) |
| v. | ) **Stephen W. Kenyon, Clerk** |
| | ) |
| **STATE OF IDAHO,** | ) **THIS IS AN UNPUBLISHED** |
| | ) **OPINION AND SHALL NOT** |
| Respondent. | ) **BE CITED AS AUTHORITY** |
| | ) |

Appeal from the District Court of the Second Judicial District, State of Idaho, Nez Perce County. Hon. Carl B. Kerrick, District Judge.

Order of the district court partially granting motion for summary dismissal <u>affirmed</u>; judgment denying post-conviction relief, <u>affirmed</u>.

Nevin, Benjamin, McKay & Bartlett, LLP; Deborah A. Whipple, Boise, for appellant. Deborah A. Whipple argued.

Hon. Lawrence G. Wasden, Attorney General; Jessica M. Lorello, Deputy Attorney General, Boise, for respondent. Jessica M. Lorello argued.

---

KIDWELL, Judge Pro Tem

Harold Edward Grist, Jr. appeals from the district court's order partially granting the State's motion for summary dismissal of his petition for post-conviction relief and its subsequent denial of his remaining post-conviction claim following an evidentiary hearing. For the reasons set forth below, we affirm.

## I.

## FACTS AND PROCEDURE

In 2005, Grist was charged with seven counts of lewd conduct with a minor under sixteen, one count of sexual abuse of a child under sixteen, and two counts of sexual battery of a minor child sixteen or seventeen years of age. The victim was his girlfriend's daughter, with whom he lived. Grist's first trial in 2006 resulted in the jury finding him guilty of all ten counts.

1

Prior to sentencing, a psychosexual evaluation (PSE) was performed. The district court imposed concurrent unified life sentences, with fifteen years determinate, for each of the seven lewd conduct counts and, on the remaining counts, imposed determinate sentences of fifteen years, to run concurrently with each other and with the lewd conduct sentences. Grist appealed and the Idaho Supreme Court vacated his convictions after holding the district court committed reversible error by admitting evidence of prior acts of sexual misconduct committed by Grist against a different victim. *State v. Grist*, 147 Idaho 49, 55, 205 P.3d 1185, 1191 (2009).

Grist was retried and was again found guilty of all ten counts. Prior to sentencing, the parties agreed to rely on the PSE prepared after the first trial. The district court imposed concurrent unified life sentences, with ten years determinate, on the lewd conduct counts, and on the remaining counts, imposed determinate periods of confinement of five years, to run consecutively with each other and with the lewd conduct sentences. Thus, Grist's aggregate determinate sentence was increased from fifteen years, imposed after the first trial, to twenty-five years. On direct appeal, this Court granted relief as to Grist's vindictive sentencing claim and modified Grist's sentences to those imposed after the first trial. *State v. Grist*, 152 Idaho 786, 795, 275 P.3d 12, 21 (Ct. App. 2012).

In June 2012, Grist filed a pro se petition for post-conviction relief alleging several claims. First, he contended his right to due process was violated by the empaneling of a juror at his second trial who knew Grist prior to trial and had worked with the victim's mother. He also contended his right to due process was violated by the district court "allowing and using an outdated [PSE] that was ordered and prepared in violation of the petitioner's 5th and 6th Amendment rights." Specifically, he contended he was not advised by counsel when his PSE was conducted that he could refuse to participate, a requirement of effective assistance as set forth in *Estrada v. State*, 143 Idaho 558, 564-65, 149 P.3d 833, 838-39 (2006). He also contended his trial counsel at the second trial was ineffective because, while counsel filed an Idaho Criminal Rule 35 motion for reduction of sentence, he failed to raise what Grist identified as a meritorious issue in the motion. The State filed a motion for summary dismissal, which the district court granted as to the juror and Rule 35 claims. The district court denied the motion for summary dismissal "with respect to the claim addressing whether trial counsel was ineffective regarding the advice given to [Grist] with respect to the [PSE] relied upon by the Court at sentencing." Following an evidentiary hearing, the district court denied Grist's claim,

determining that, although counsel rendered deficient performance by failing to object to the use of the PSE at Grist's second sentencing, Grist had not established that absent this deficiency the outcome of the sentencing would have been different. Grist now appeals.

## II.

## STANDARD OF REVIEW

On appeal from an order of summary dismissal, we apply the same standards utilized by the trial courts and examine whether the petitioner's admissible evidence asserts facts which, if true, would entitle the petitioner to relief. *Ridgley v. State*, 148 Idaho 671, 675, 227 P.3d 925, 929 (2010); *Sheahan v. State*, 146 Idaho 101, 104, 190 P.3d 920, 923 (Ct. App. 2008). Over questions of law, we exercise free review. *Rhoades v. State*, 148 Idaho 247, 250, 220 P.3d 1066, 1069 (2009); *Downing v. State*, 136 Idaho 367, 370, 33 P.3d 841, 844 (Ct. App. 2001).

When reviewing a decision denying post-conviction relief after an evidentiary hearing, an appellate court will not disturb the lower court's factual findings unless they are clearly erroneous. I.R.C.P. 52(a); *Russell v. State*, 118 Idaho 65, 67, 794 P.2d 654, 656 (Ct. App. 1990). The credibility of the witnesses, the weight to be given to their testimony, and the inferences to be drawn from the evidence are all matters solely within the province of the district court. *Larkin v. State*, 115 Idaho 72, 73, 764 P.2d 439, 440 (Ct. App. 1988). In order to prevail in a post-conviction proceeding, the petitioner must prove the allegations by a preponderance of the evidence. I.C. § 19-4907; *Stuart v. State*, 118 Idaho 865, 869, 801 P.2d 1216, 1220 (1990). We exercise free review of the district court's application of the relevant law to the facts. *Nellsch v. State*, 122 Idaho 426, 434, 835 P.2d 661, 669 (Ct. App. 1992).

## III.

## ANALYSIS

A petition for post-conviction relief initiates a proceeding that is civil in nature. I.C. § 19-4907; *Rhoades*, 148 Idaho at 249, 220 P.3d at 1068; *State v. Bearshield*, 104 Idaho 676, 678, 662 P.2d 548, 550 (1983); *Murray v. State*, 121 Idaho 918, 921, 828 P.2d 1323, 1326 (Ct. App. 1992). Like a plaintiff in a civil action, the petitioner must prove by a preponderance of evidence the allegations upon which the request for post-conviction relief is based. *Goodwin v. State*, 138 Idaho 269, 271, 61 P.3d 626, 628 (Ct. App. 2002). A petition for post-conviction relief differs from a complaint in an ordinary civil action. *Dunlap v. State*, 141 Idaho 50, 56, 106 P.3d 376, 382 (2004). A petition must contain much more than a short and plain statement of the

3

claim that would suffice for a complaint under I.R.C.P. 8(a)(1).  Rather, a petition for post-conviction relief must be verified with respect to facts within the personal knowledge of the petitioner, and affidavits, records, or other evidence supporting its allegations must be attached or the petition must state why such supporting evidence is not included with the petition.  I.C. § 19-4903.

## A.  Summary Dismissal

As noted above, the district court granted the State's motion for summary dismissal as to Grist's claims regarding the allegedly biased juror and regarding counsel's failure to file a meritorious Rule 35 motion.  Idaho Code section 19-4906 authorizes summary dismissal of a petition for post-conviction relief, either pursuant to motion of a party or upon the court's own initiative.  Summary dismissal of a petition pursuant to I.C. § 19-4906 is the procedural equivalent of summary judgment under I.R.C.P. 56.  A claim for post-conviction relief will be subject to summary dismissal if the petitioner has not presented evidence making a prima facie case as to each essential element of the claims upon which the petitioner bears the burden of proof.  *DeRushé v. State,* 146 Idaho 599, 603, 200 P.3d 1148, 1152 (2009).  Thus, summary dismissal is permissible when the petitioner's evidence has raised no genuine issue of material fact that, if resolved in the petitioner's favor, would entitle the petitioner to the requested relief.  If such a factual issue is presented, an evidentiary hearing must be conducted.  *Goodwin*, 138 Idaho at 272, 61 P.3d at 629.

Pursuant to I.C. § 19-4906(b), the district court may sua sponte dismiss a petitioner's post-conviction claims if the court provides the petitioner with notice of its intent to do so, the ground or grounds upon which the claim is to be dismissed, and twenty days for the petitioner to respond.  However, under I.C. § 19-4906(c), if the State files and serves a properly supported motion to dismiss, further notice from the court is ordinarily unnecessary if the court dismisses on the same grounds contained in the State's motion.  *Martinez v. State*, 126 Idaho 813, 817, 892 P.2d 488, 492 (Ct. App. 1995).  If the State has filed a motion for summary disposition, but the court dismisses the petition on grounds different from those asserted in the State's motion, it does so on its own initiative and the court must provide twenty days' notice.  *Saykhamchone v. State*, 127 Idaho 319, 322, 900 P.2d 795, 798 (1995).  This is so because if the district court dismisses on grounds not contained in the State's motion, the petitioner has no opportunity to respond and attempt to establish a material issue of fact.  *See Baxter v. State*, 149 Idaho 859, 865,

4

243 P.3d 675, 681 (Ct. App. 2010). When the district court summarily dismisses a post-conviction petition relying *in part* on the same grounds presented by the State in its motion for summary dismissal, the notice requirement has been met. *Kelly v. State*, 149 Idaho 517, 523, 236 P.3d 1277, 1283 (2010).

### 1. Juror bias

Grist contends the district court erred by granting the State's motion for summary dismissal in regard to his claim that his right to due process was violated by the empaneling of a juror at his second trial who knew Grist and the victim's mother because the district court dismissed the claim on a ground not raised by the State--that the issue could have been raised on direct appeal and was therefore waived on post-conviction. He also argues that even if he had the requisite notice, the district court incorrectly concluded that the issue could have been raised below and applied an incorrect standard of review in addressing the issue.

We need not discuss the correctness of this basis for summary dismissal because the district court included an alternate basis for dismissal which was also advanced by the State in its motion for summary dismissal. In its motion to dismiss, the State contended that Grist's due process claim was without merit because the juror did not fit within a category set forth by I.C. § 19-2020. That section allows a challenge for implied bias where, among other things, the juror has a relationship of "consanguinity or affinity within the fourth degree" with the victim or defendant, has a relationship of control or authority over the victim or defendant, or "ha[s] formed or expressed an unqualified opinion or belief that the prisoner is guilty or not guilty of the offense charged." The State then cited to *State v. Yager*, 139 Idaho 680, 688-89, 85 P.3d 656, 664-65 (2004), for the proposition that when a juror states he can put aside his personal experience or opinion, the court will not dispute it. Finally, the State discussed the fact that the juror in Grist's case did not have a relationship that automatically disqualified him; that he was only an acquaintance of Grist and the victim's mother; and that even after being thoroughly questioned by the State and defense counsel at voir dire, he did not express any biased opinions and affirmed that nothing would prevent him from being impartial.

In its order partially granting the State's motion for summary dismissal, the district court, in addition to stating that the issue could have been pursued on direct appeal, went on to discuss the fact that the juror was only a past acquaintance of Grist and the victim's mother and had very indirect contact with them. The court set forth an excerpt from *Yager*, 139 Idaho at 688-89, 85

5

P.3d at 664-65, including language that, although not dispositive, a trial judge is entitled to rely on assurances from venire persons concerning partiality or bias and that a challenge for cause is to be decided within the trial court's discretion.  The district court further noted that the juror in question had repeatedly stated that he did not have a bias as a result of having worked at the same business as the victim's mother and noted the fact that the juror was "fully examined during voir dire."  There is no substantial difference between the court's discussion in this regard and that set forth by the State in its motion for summary dismissal; thus, the district court dismissed on a ground that was set forth by the State, fulfilling the requisite notice requirement.[1] *See Kelly*, 149 Idaho at 523, 236 P.3d at 1283.  Accordingly, the district court did not err by granting the State's motion for summary dismissal of this issue.

## 2. Failure to file meritorious Rule 35 motion

Grist also contends the district court erred by summarily dismissing his claim that counsel rendered ineffective assistance by failing to file a meritorious Rule 35 motion, arguing the district court dismissed the claim on grounds not cited by the State and without giving him the requisite twenty days' notice and the opportunity to respond.  The district court dismissed this claim on the basis that Grist did not show counsel's failure to file a meritorious motion was prejudicial as he did not "show there was any evidence that his counsel could have presented in support of a Rule 35 motion that would have created a reasonable likelihood th[e] Court would have reduced or modified [his] sentence."  As Grist points out, and the State does not dispute, the State did not specifically reference this claim in its motion for summary dismissal and memorandum in support.  However, the State contends that its statement in the motion for summary dismissal that Grist's petition "presents no genuine issue of material fact" and in the accompanying memorandum that Grist's "claims fail because there was . . . no deficient or prejudicial conduct by counsel" provided sufficient notice for the court's eventual dismissal of the claim on the latter basis.

Because a post-conviction proceeding is governed by the Idaho Rules of Civil Procedure, a motion for summary dismissal filed pursuant to I.C. 19-4906(c) must state the grounds for dismissal with particularity, as set forth in I.R.C.P. 7(b)(1).  *DeRushé*, 146 Idaho at 601, 200 P.3d at 1150.  The level of particularity is sufficient if the other party cannot assert surprise or

---

[1]  Because Grist does not challenge the merits of this basis for summary dismissal of his juror bias claim, we need not further address it.

prejudice. *Id.* For example, to prevail on an ineffective assistance of counsel claim, a defendant must show that the attorney's performance was deficient and that the defendant was prejudiced by the deficiency. *Strickland v. Washington*, 466 U.S. 668, 687-88 (1984); *Hassett v. State*, 127 Idaho 313, 316, 900 P .2d 221, 224 (Ct. App. 1995). However, reasonable particularity only requires pointing out that there is a lack of evidence showing deficient performance or prejudice. *See DeRushé*, 146 Idaho at 601-02, 200 P.3d at 1150-51. It does not require explaining what further evidence is necessary to substantiate a petitioner's claim. *Id*. at 602, 200 P.3d at 1151. If a petitioner believes the grounds for dismissal alleged by the State in its motion for summary dismissal are insufficient, he or she must object in the court below. *Kelly*, 149 Idaho at 522 n.1, 236 P.3d at 1282 n.1. A petitioner for post-conviction relief cannot challenge the sufficiency of the State's grounds for dismissal for the first time on appeal. *DeRushé*, 146 Idaho at 602, 200 P.3d at 1151. However, a petitioner may assert for the first time on appeal that his or her post-conviction claims were dismissed without *any* notice at all. *Kelly*, 149 Idaho at 522, 236 P.3d at 1282.

Grist argues that because the State's motion and memorandum in support of summary dismissal did not specifically address his ineffective assistance of counsel claim, he did not receive notice required when the State moves for summary dismissal pursuant to I.C. § 19-4906(c). Pursuant to Idaho Supreme Court precedent, however, this is not the case. In *Kelly*, 149 Idaho 517, 236 P.3d 1277, the appellant argued, among other things, that he received no notice regarding the summary dismissal of his claim that counsel was ineffective for failing to file a motion to suppress because that claim was not specifically addressed in the State's memorandum accompanying its motion for summary dismissal of his petition. This Court agreed with Kelly, determining that even under the relaxed notice standards of *DeRushé*, Kelly had not received any notice in regard to this claim because the State's memorandum never mentioned the failure to file a suppression motion and therefore, he could challenge the lack of notice for the first time on appeal. *Kelly v. State*, Docket No. 33773 (Ct. App. April 13, 2009) (unpublished). The Idaho Supreme Court disagreed, determining Kelly received at least some notice in the State's motion for summary dismissal, which included a generic statement seeking dismissal of all claims on the ground that Kelly "has no evidentiary basis to support his claims"; set forth the two-pronged test for ineffective assistance established in *Strickland*, 466 U.S. 668; and cited to *State v. Chapman*, 120 Idaho 466, 816 P.2d 1023 (Ct. App. 1991) for the proposition

that Kelly had the burden of identifying acts or omissions of counsel that did not arise as a result of reasonable professional judgment. *Kelly*, 149 Idaho at 522, 236 P.3d at 1282. "Clearly," the Court determined, "the State's [motion for summary dismissal] gave Kelly notice of the ground on which this claim was dismissed, irrespective of whether that notice was sufficient (an issue Kelly waived by failing to raise it before the district court) it was notice nonetheless." *Id.*

Here, although not specifically referencing Grist's contention that counsel was ineffective for failing to file a meritorious Rule 35 motion, the State's motion and memorandum identified two grounds for dismissal--failure to set forth an issue of material fact and failure to show deficient or prejudicial conduct by counsel--applicable to the issue. The district court then specifically granted the motion on the basis Grist had not shown prejudice. Because the State set forth these two (albeit general) grounds for dismissal, pursuant to *Kelly*, Grist cannot claim that there was *no* notice of the grounds on which his ineffective assistance of counsel claim would be dismissed and cannot raise the sufficiency of the notice for the first time on appeal. The district court did not err by granting the State's motion for summary dismissal of this claim.

## B.    Dismissal Following Evidentiary Hearing

With regard to Grist's claim concerning the PSE, which the district court dismissed following the evidentiary hearing, Grist contends the district court erred by not analyzing his claim as an independent Fifth Amendment violation in addition to a Sixth Amendment ineffective assistance of counsel claim. In his post-conviction petition, Grist stated that "his right to due process as found under the 5th Amendment and his right to effective assistance of counsel as found under the 6th Amendment" were violated by the Court's use of an "outdated [PSE] that was ordered by the court and prepared in violation of the 5th Amendment right to be free from self-incrimination." Aside from this assertion, the balance of Grist's argument is largely focused on the ineffective assistance claim. Additionally, Grist never objected to the district court's failure to address a specific, stand-alone Fifth Amendment claim, even after the court explicitly limited the scope of the evidentiary hearing to the Sixth Amendment issue and issued a dismissal of only that claim following the hearing.

If we accept Grist's assertion for the purposes of argument that he properly raised a separate Fifth Amendment claim and the district court erred by failing to address it, we nonetheless affirm the dismissal of the claim on an alternate basis. Dismissal of the claim was appropriate because to show a violation of the Fifth Amendment right against self-incrimination,

8

a defendant must show that he actually asserted the right. *See State v. Person*, 145 Idaho 293, 297, 178 P.3d 658, 662 (Ct. App. 2007) (holding the defendant's failure to assert the privilege in regard to the use of suppressed statements in his PSI, and his reiteration of his version of the crime to the PSI investigator, was fatal to his Fifth Amendment claim); *State v. Curless*, 137 Idaho 138, 143, 44 P.3d 1193, 1198 (Ct. App. 2002) (holding that the defendant's failure to assert the Fifth Amendment during a PSE precluded him from asserting the privilege on appeal). Grist never alleges or proves that he asserted his privilege or that he was threatened with penalty if he did not participate. Thus, Grist did not prove this allegation by a preponderance of the evidence and dismissal was appropriate. I.C. § 19-4907.[2]

## IV.

## CONCLUSION

Grist received the requisite notice in regard to his claim of juror bias, and therefore the district court did not err by granting the State's motion for summary dismissal of this claim. He received at least some notice regarding his claim that counsel was ineffective for failing to file a meritorious Rule 35 motion and may not challenge the sufficiency of that notice for the first time on appeal. Finally, even assuming Grist properly raised an independent Fifth Amendment claim regarding his participation in the PSE, the district court did not err by denying the claim because Grist did not assert the requisite facts (that he exercised his right) to sustain a Fifth Amendment violation. The district court's order partially granting the State's motion for summary dismissal and judgment denying Grist post-conviction relief following an evidentiary hearing are affirmed.

Judge GRATTON **CONCURS**.

---

[2]     Grist contends that a vacation of the district court's denial of relief is required pursuant to *DeRushé v. State*, 146 Idaho 599, 603-04, 200 P.3d 1148, 1152-53 (2008), where the Supreme Court vacated the district court's summary dismissal of DeRushé's post-conviction claim upon determining that the district court erred by analyzing his claim of a Fifth Amendment violation only as a Sixth Amendment ineffective assistance of counsel claim. *DeRushé* does not dictate the outcome here. There, the Supreme Court vacated the summary dismissal because DeRushé had alleged admissible facts showing that his counsel denied him the right to testify in his own behalf. By contrast, here we are analyzing the issue following an evidentiary hearing and affirm the district court's dismissal on an alternate basis. *Abbott v. State*, 129 Idaho 381, 385, 924 P.2d 1225, 1229 (Ct. App. 1996) (holding that if an order of the trial court is incorrect on a particular theory, but is supported by an alternative legal theory, the appellate court may uphold the trial court's decision).

Judge LANSING, **SPECIALLY CONCURRING**

I concur in the foregoing opinion. I write separately to make some suggestions to the trial court and to the attorney who represented Grist in the district court that could avoid the need for similar appeals in the future.

To the district court's credit in the present case, the court issued an opinion that set forth the basis for dismissal of each of Grist's claims, with citations to applicable authority and references to the evidence, or to omissions in the evidence. Most of the present appellate challenge to the summary dismissal order could have been prevented if the district court had presented this detailed opinion as a notice of intent to dismiss and allowed Grist twenty days to respond before the court entered its dismissal order. It would have entailed no significant additional effort for the court and could have insulated the court's order from attack on appeal on the basis of lack of notice. Therefore, I suggest that our district judges consider employing such a procedure.

I would also point out to Grist's counsel--and to all attorneys who represent post-conviction petitioners in the trial court--that when you believe a post-conviction action was dismissed without adequate notice, rather than taking an immediate appeal it would ordinarily be much more expedient for the petitioner to file a motion in the district court for relief from the judgment under Idaho Rule of Civil Procedure 59(e). With such a motion, Grist could have presented any additional evidence and legal argument that he might deem appropriate to contest the grounds relied upon by the district court. This procedure could have eliminated several of the issues raised on this appeal.