IN THE SUPREME COURT OF THE STATE OF IDAHO
Docket No. 36659

GREGORY LOUIS KELLY,　　　　　　　　　　)
　　　　　　　　　　　　　　　　　　　　)　　**Boise, May 2010 Term**
　　**Petitioner-Appellant,**　　　　　　　　　)
　　　　　　　　　　　　　　　　　　　　)　　**2010 Opinion No. 90**
v.　　　　　　　　　　　　　　　　　　　)
　　　　　　　　　　　　　　　　　　　　)　　**Filed: July 27, 2010**
STATE OF IDAHO,　　　　　　　　　　　)
　　　　　　　　　　　　　　　　　　　　)　　**Stephen W. Kenyon, Clerk**
　　　　**Respondent.**　　　　　　　　　　　)

Appeal from the District Court of the Seventh Judicial District, State of Idaho, Bonneville County.  Hon. Richard T. St. Clair, District Judge.

District court order summarily dismissing *pro se* petition for post-conviction relief, <u>affirmed.</u>

Nevin, Benjamin, McKay & Bartlett, LLP., Boise, for appellant.  Dennis A. Benjamin argued.

Hon. Lawrence G. Wasden, Attorney General, Boise, for respondent.  Rebekah A. Cude, Deputy Attorney General argued.

—————————————————————

BURDICK, Justice

This case comes before this Court on the grant of a petition for review from a Court of Appeals decision, considering the district court's summary dismissal of Gregory Kelly's *pro se* petition for post-conviction relief.  The Court of Appeals decision affirmed the district court judgment in part, reversed in part, and remanded for further proceedings.  In its petition for review the State argues that the Court of Appeals erred in finding that Kelly did not receive notice of the grounds on which his petition was dismissed by the district court, and that the district court dismissed certain of Kelly's claims on grounds entirely separate from those raised by the State, in light of this Court's decision in *DeRushé v. State*, 146 Idaho 599, 200 P.3d 1148 (2009).  We affirm the district court's summary dismissal of Kelly's petition for post-conviction relief.

## I.  FACTUAL AND PROCEDURAL BACKGROUND

Gregory Kelly was charged with one count of trafficking in methamphetamine, four counts of conspiracy to traffic in methamphetamine, one count of possession of

1

methamphetamine with intent to deliver when children are present, and one count of conspiracy to traffic in marijuana. On August 20, 2003, Kelly pled guilty to two counts of conspiracy to traffic in methamphetamine in return for the State's dismissal of the other charges. Kelly was sentenced to a total of 20 years, 8 fixed followed by 12 indeterminate, for each count, to be served concurrently. An amended judgment of conviction was entered on October 24, 2003. Kelly filed an Idaho Criminal Rule 35 motion for a reduction of sentence. The district court denied Kelly's Rule 35 motion and Kelly appealed. In an unpublished opinion, entered on January 5, 2005, the Court of Appeals affirmed the district court's denial; a remittitur was entered on January 27, 2005.

On January 9, 2006, Kelly filed a *pro se* petition for post-conviction relief, raising five issues: (1) denial of effective assistance of counsel; (2) denial of due process; (3) denial of the right against self-incrimination; (4) denial of the right to a fair trial; and (5) prosecutorial misconduct. The State filed its answer in February, 2006. On August 15, 2006, the State filed a "Motion for Summary Dismissal; Alternatively, Summary Adjudication of Issues" (State's MSD), and a "Memorandum in Support of Motion for Summary Dismissal" (State's Memo), alleging that the State was entitled to summary judgment as a matter of law. On August 30, 2006, the district court scheduled a hearing for September 27, 2006. On September 25, 2006, the district court received Kelly's reply to the State's MSD. On September 27, 2006, the district court held the hearing as planned, noting that it had received Kelly's reply, but had not received notice that Kelly wished to participate in the hearing. Kelly mailed a motion requesting that the court enter an order of transportation so that Kelly could be transported from prison to the hearing, but this motion was not received by the district court until September 29, 2006. On October 19, 2006, the district court issued its Memorandum Decision and Order, granting the State's MSD. Kelly timely appealed.

The Court of Appeals considered this case on appeal and issued an opinion on April 13, 2009, affirming in part, reversing in part, and remanding for further proceedings. In a 2-1 decision, the Court of Appeals declined to address Kelly's allegation that the State's MSD and the State's Memo provided insufficient notice of the grounds on which Kelly's petition was dismissed, finding that such a challenge could not be raised for the first time on appeal. However, the court did examine Kelly's allegation that some of his claims had been dismissed on grounds other than those set forth in the State's MSD and the State's Memo, without notice. The

Court of Appeals found this argument to be meritorious, reversing the district court's dismissal on these issues and remanding. The State filed a petition for review on May 4, 2009, which this Court granted on July 8, 2009.

## II. STANDARD OF REVIEW

When a case comes before this Court on a petition for review from a Court of Appeals decision, serious consideration is given to the views of the Court of Appeals, but this Court reviews the decision of the lower court directly. *DeRushé v. State*, 146 Idaho 599, 601, 200 P.3d 1148 , 1150 (2009).

As we stated in *Charboneau v. State*:

> An application for post-conviction relief under the Uniform Post Conviction Procedure Act (UPCPA) is civil in nature. Like a plaintiff in a civil action, the applicant for post-conviction relief must prove by a preponderance of evidence the allegations upon which the application for post-conviction relief is based. Unlike the complaint in an ordinary civil action, however, an application for post-conviction relief must contain more than "a short and plain statement of the claim" that would suffice for a complaint under I.R.C.P. 8(a)(1). Rather, an applicant for post-conviction relief must be verified with respect to facts within the personal knowledge of the application. The application must include affidavits, records or other evidence supporting its allegations, or must state why such supporting evidence is not included.
>
> Summary disposition of a petition for post-conviction relief is appropriate if the applicant's evidence raises no genuine issue of material fact. On review of a dismissal of a post-conviction relief application without an evidentiary hearing, this Court will determine whether a genuine issue of fact exists based on the pleadings, depositions and admissions together with any affidavits on file and will liberally construe the facts and reasonable inferences in favor of the non-moving party. A court is required to accept the petitioner's unrebutted allegations as true, but need not accept the petitioner's conclusions. When the alleged facts, even if true, would not entitle the applicant to relief, the trial court may dismiss the application without holding an evidentiary hearing. Allegations contained in the application are insufficient for the granting of relief when (1) they are clearly disproved by the record of the original proceedings, or (2) do not justify relief as a matter of law.

144 Idaho 900, 903, 174 P.3d 870, 873 (2007) (internal citations omitted).

## III. ANALYSIS

This Court is asked to clarify application of the standard established in *DeRushé*, concerning the notice provided in a motion or memorandum urging summary disposition of a petition for post-conviction relief, when considering: (1) whether any notice was provided at all;

3

and (2) whether the district court dismissed on grounds other than those argued by the State (thus necessitating a 20-day notice period). We consider these issues in turn.

**A. Kelly was provided notice of the bases on which his petition for post-conviction relief was dismissed.**

Idaho Code 19-4906(c) allows a trial court to grant a motion for summary disposition of a petition for post-conviction relief "when it appears from the pleadings, depositions, answers to interrogatories, and admissions and agreements of fact, together with any affidavits submitted, that there is no genuine issue of material fact and the moving party is entitled to judgment as a matter of law." "Because a post-conviction relief proceeding is governed by the Idaho Rules of Civil Procedure, a motion for summary disposition must 'state with particularity the grounds therefore.'" *DeRushé*, 146 Idaho at 601, 200 P.3d at 1150 (internal citation omitted) (quoting *Saykhamchone v. State*, 127 Idaho 319, 322, 900 P.2d 795, 798 (1995); I.R.C.P. 7(b)(1)). However, *DeRushé* clearly holds that an appellant may not challenge the sufficiency of the notice contained in the state's motion for summary disposition, and accompanying memoranda, for the first time on appeal. 146 Idaho at 602, 200 P.3d at 1151. As Kelly is attempting to raise the issue of whether the State's MSD and State's Memo, provided Kelly with sufficient notice, for the first time on appeal, we shall not consider it.[1]

However, Kelly also alleges that several of his claims were dismissed without *any* notice at all, and *DeRushé* does not preclude an appellant from asserting this claim for the first time on appeal. In Kelly's petition for post-conviction relief he claims, in relevant part, ineffective assistance of counsel based on his attorney's failure to file a motion to suppress evidence. The district court dismissed this claim without providing twenty days of notice, and Kelly claims that the State's MSD and Memo contained no notice of the grounds on which this claim was dismissed. We disagree.

---

[1] To properly preserve this issue for appeal, an applicant would merely have to raise the issue below so that the district court had an opportunity to rule on it. For example, where the petitioner for post-conviction relief receives a motion for summary dismissal and does not feel that the motion for summary dismissal and accompanying memoranda provides him with sufficient notice of the grounds for summary dismissal - under the standard established in *DeRushé* - he may file a motion with the district court under I.R.C.P. 7, objecting to the motion for summary dismissal on the basis that it fails to provide him with sufficient notice. Likewise, the petitioner could object to the sufficiency of the notice at the summary dismissal hearing before the district court. Finally, if the district court grants the State's motion for summary dismissal, the petitioner may file an I.R.C.P. 11 motion for reconsideration, citing to *DeRushé* and arguing that the State's motion and accompanying memoranda did not provide sufficient notice.

A post-conviction relief claim based on ineffective assistance of counsel will only survive a motion for summary dismissal where the applicant establishes the existence of material issues of fact as to whether: (1) counsel's performance was deficient, and (2) that deficiency prejudiced appellant's case. *Saykhamchone v. State*, 127 Idaho 319, 323, 900 P.2d 795, 799 (1995). The State's MSD seeks summary dismissal of all claims on the ground that Kelly "has no evidentiary basis to support his claims. *Small v. State*, 132 Idaho 327, 331, 971 P.2d 1151, 1155 (Ct. App. 1998)." The State's Memo provides the two-prong test established in *Strickland v. Washington*, 466 U.S. 668 (1984), quotes extensively from Idaho law dealing with ineffective assistance of counsel claims, and cites *State v. Chapman*, 120 Idaho 466, 816 P.2d 1023 (Ct. App. 1991), as support for the proposition that Kelly had the burden of identifying acts or omissions of counsel that did not arise as a result of reasonable professional judgment.

In summarily dismissing Kelly's claim of ineffective assistance of counsel on the basis of failure to file a motion to suppress, the district court held that "Kelly has not provided specific facts to show that [Kelly's attorney's] behavior fell below an objective standard of reasonable representation," and that such a claim was "unsupported in the record." Clearly, the State's MSD gave Kelly notice of the ground on which this claim was dismissed, irrespective of whether that notice was sufficient (an issue Kelly waived by failing to raise it before the district court) it was notice nonetheless. This Court will not engage in a sufficiency-of-the-notice analysis under the guise of considering whether an appellant was provided with any notice at all.

**B. The district court based its dismissal of the claims raised in Kelly's petition for post-conviction relief at least partially on the grounds raised by the State in its MSD and Memo, therefore Kelly was not entitled to a 20-day notice period.**

Idaho Code § 19-4906(b) provides:

> When a court is satisfied, on the basis of the application, the answer or motion, and the record, that the applicant is not entitled to post-conviction relief and no purpose would be served by any further proceedings, it may indicate to the parties its intention to dismiss the application and its reasons for so doing. The applicant shall be given an opportunity to reply within 20 days to the proposed dismissal. In light of the reply, or on default thereof, the court may order the application dismissed or grant leave to file an amended application or, direct that the proceedings otherwise continue. Disposition on the pleadings and record is not proper if there exists a material issue of fact.

Thus, where a trial court dismisses a claim based upon grounds other than those offered — by the State's motion for summary dismissal, and accompanying memoranda — the defendant seeking post-conviction relief must be provided with a 20-day notice period. *See Martinez v.*

5

*State*, 126 Idaho 813, 817, 892 P.2d 488, 492 (Ct. App. 1995). Where the dismissal is based upon the grounds offered by the State, additional notice is unnecessary. *See id.* When a trial court summarily dismisses an application for post-conviction relief based *in part* on the arguments presented by the State, this is sufficient to meet the notice requirements. *See Workman v. State*, 144 Idaho 518, 524, 164 P.3d 798, 804 (2007). *See also Buss v. State*, 147 Idaho 514, 517, 211 P.3d 123, 126 (Ct. App. 2009) ("When a district court summarily dismisses a post-conviction application relying in part on the same grounds presented by the state in its motion for summary dismissal, the notice requirement has been met.").

Kelly argues that the district court dismissed a number of his claims on grounds entirely independent from the grounds Kelly was provided notice of in the State's MSD and State's Memo. Specifically, Kelly contends that the following claims raised in this petition for post-conviction relief were dismissed on grounds not raised by the State: (1) ineffective assistance of counsel for (a) failure to impeach witnesses at the preliminary hearing, (b) failure to secure independent drug and fingerprint experts, (c) failure to investigate an alibi defense, (d) failure to investigate whether the voice on a recording was Kelly's voice, (e) failure to ensure that Kelly's *Miranda*[2] rights were read prior to the presentence investigation, (f) failure to file a notice of appeal; (2) prosecutorial misconduct for offering state witnesses plea bargains to testify falsely against Kelly at the preliminary hearing, and for withholding exculpatory information from Kelly. The State argues that, although the district court considered Kelly's application under several theories not raised in the State's MSD or State's Memo, it relied in part on grounds that the State did raise.

As noted above, the State's MSD asked for summary dismissal on the basis that Kelly "has no evidentiary basis to support his claims. *Small v. State*, 132 Idaho 327, 331, 971 P.2d 1151, 1155 (Ct. App. 1998)." The State's Memo asserted that "an applicant for post-conviction relief is subject to summary dismissal under I.C. § 19-4906(c) where the application fails to present or be accompanied by admissible evidence supporting its allegations." Although the district court did separately analyze each allegation in Kelly's application for post-conviction relief, in its Memorandum Decision and Order, including consideration of grounds not raised in the State's MSD or State's Memo, it concluded its analysis by holding that "Kelly's petition for

---

[2] *Miranda v. Arizona*, 384 U.S. 436 (1966).

post-conviction relief fails because his affidavits do not contain admissible facts to support his allegations of ineffective assistance of counsel." Thus, it is clear that the district court's dismissal of Kelly's application for post-conviction relief was based at least partially on the grounds that the State argued.

As to Kelly's claim of prosecutorial misconduct for the withholding of exculpatory evidence, this was not raised by Kelly in either his initial application for post-conviction relief, or his subsequent Affidavit. Instead, this claim was argued in a document titled "Brief and Affidavit in Support of Petition for Post Conviction Relief." This document was not signed or notarized and, therefore, does not constitute an affidavit under the law. *See Black's Law Dictionary* 23 (3rd pocket ed. 2006) (defining affidavit as a "voluntary declaration of facts written down and sworn to by the declarant himself before an officer authorized to administer oaths, such as a notary public.") It is clearly established under Idaho law that a "'cause of action not raised in a party's pleadings may not be considered on summary judgment nor may it be considered for the first time on appeal.'" *Maroun v. Wyreless Sys. Inc.*, 141 Idaho 604, 613, 114 P.3d 974, 983 (2005) (quoting *Edmonson v. Shearer Lumber Prods.*, 139 Idaho 172, 178, 75 P.3d 733, 739 (2003)). As Kelly failed to raise a claim for prosecutorial misconduct — on the basis of withholding exculpatory evidence — in his petition or supporting affidavit, the district court erred in considering such a claim at summary dismissal proceedings, and we shall not consider it now.

Finally, as to Kelly's claim that the prosecutor offered State witnesses plea bargains in return for the offering of false testimony, we find that the district court dismissed partially on the grounds argued by the State, thus not requiring an additional 20-day notice period. The district court found that Kelly had failed to submit admissible facts in support of such a claim. As noted above, the State's MSD argued that Kelly had no evidentiary basis to support his claim. In the State's Memo it also provided the standard for summary dismissal under I.C. § 19-4906(c). As the State generally alleged that Kelly had insufficient evidence to support his claims, and the district court dismissed this claim for failure to submit admissible facts, we find that the district court dismissed, at least partially, on the grounds raised in the State's MSD and State's Memo.

We reiterate that we are not considering whether the notice provided by the State, and partially relied on by the district court, was sufficient. Kelly waived this issue by not raising it before the district court, and cannot be permitted to raise it for the first time on appeal under the

guise of considering whether the district court dismissed on grounds entirely distinct from those argued by the State. Where the State argued that Kelly had insufficient evidence to support all of his claims, and the district court dismissed this prosecutorial misconduct claim on the ground that Kelly failed to submit admissible evidence, it cannot plausibly be maintained that Kelly's claim was dismissed entirely on grounds other than those raised by the State. Therefore, the district court did not err in summarily dismissing without a 20-day notice period.

## IV. CONCLUSION

We affirm the district court's grant of summary dismissal of Kelly's application for post-conviction relief. Kelly received notice of the grounds on which his claims were dismissed, irrespective of whether that notice was sufficient. Likewise, the district court's dismissal of Kelly's claims was at least partially based on the grounds raised by the State in its motion for summary dismissal and memorandum in support. Costs to the State.

Chief Justice EISMANN, and Justices J. JONES, W. JONES, and HORTON CONCUR.