**IN THE COURT OF APPEALS OF THE STATE OF IDAHO**

**Docket No. 43856**

| | | |
|---|---|---|
| MICHAEL KOCH, | ) | 2016 Unpublished Opinion No. 785 |
| | ) | |
| Petitioner-Appellant, | ) | Filed: November 22, 2016 |
| | ) | |
| v. | ) | Stephen W. Kenyon, Clerk |
| | ) | |
| STATE OF IDAHO, | ) | THIS IS AN UNPUBLISHED |
| | ) | OPINION AND SHALL NOT |
| Respondent. | ) | BE CITED AS AUTHORITY |
| | ) | |

Appeal from the District Court of the Fourth Judicial District, State of Idaho, Ada County. Hon. Cheri C. Copsey, District Judge.

Judgment summarily dismissing petition for post-conviction relief, <u>affirmed</u>.

Silvey Law Office, Ltd.; Greg S. Silvey, Star, for appellant.

Hon. Lawrence G. Wasden, Attorney General; Mark W. Olson, Deputy Attorney General, Boise, for respondent.

_____

GRATTON, Judge

Michael Koch appeals from the district court's judgment summarily dismissing his petition for post-conviction relief. We affirm.

**I.**

**FACTUAL AND PROCEDURAL BACKGROUND**

A jury found Koch guilty on four counts of lewd conduct with a minor. He appealed, and our Supreme Court affirmed his conviction. *State v. Koch*, 157 Idaho 89, 334 P.3d 280 (2014).

Koch filed a pro se petition for post-conviction relief and affidavit in support, asserting several claims and electing to proceed without counsel. One of the claims in Koch's petition and affidavit asserted his trial counsel was ineffective for failing to challenge the validity of the search warrant in the underlying case. Koch did not say why his trial counsel should have challenged the validity of the search warrant.

1

On September 28, 2015, the State moved for summary dismissal of the petition, asserting the claims in the petition were conclusory, unsupported by admissible evidence, and failed to show prejudice. The district court noticed its intent to dismiss the petition on October 27, 2015, because it had "considered other grounds as well as those posited by the State."

The district court held a hearing on the motion for summary dismissal on November 16, 2015. At the hearing, Koch alleged the search of his home in the underlying case occurred ten days before the magistrate issued the warrant for the search, and his trial counsel was ineffective for failing to challenge the search. Subsequent to the hearing, Koch did not submit into evidence the warrant or a sworn affidavit regarding the warrant.

The district court summarily dismissed the petition on November 20, 2015, primarily holding the claims in the petition were conclusory, unsupported by admissible evidence, and failed to show prejudice. Koch timely appeals.

## II.

## ANALYSIS

Koch asserts the district court did not give him twenty days to respond to the notice of intent to dismiss as required by Idaho Code § 19-4906(b). Koch also argues he raised a genuine issue of material fact regarding his trial counsel's failure to challenge the search of his home in the underlying case.

### A.    Notice

Koch asserts the district court did not give him twenty days to respond to the notice of intent to dismiss. When the State files a motion for summary dismissal but the district court dismisses the petition on grounds different from those asserted in the State's motion, it does so on its own initiative and the court must provide the petitioner with twenty days to respond. *Saykhamchone v. State*, 127 Idaho 319, 322, 900 P.2d 795, 798 (1995). However, when the district court summarily dismisses a post-conviction petition relying in part on the same grounds presented by the State in its motion for summary dismissal, the notice requirement has been met. *Kelly v. State*, 149 Idaho 517, 523, 236 P.3d 1277, 1283 (2010).

Although the court noticed its intent to dismiss Koch's petition, the court summarily dismissed the petition relying, in part, on the same grounds set forth by the State in its motion for summary dismissal. The State's motion for summary dismissal asserted that Koch's post-conviction claims were conclusory, unsupported by admissible evidence, and failed to show

2

prejudice. Likewise, the district court dismissed Koch's claims primarily because they were conclusory, unsupported by admissible evidence, and failed to show prejudice. The only ground for dismissal utilized by the court and not by the State was that Koch waived any issue he could have raised on direct appeal but did not. However, that ground was nonspecific and each issue was specifically dismissed by the district court on the basis set forth in the State's motion for summary dismissal. Accordingly, and because the State filed its motion for summary dismissal fifty-three days before the court dismissed Koch's petition, the notice requirements of I.C. § 19-4906 were met and the court did not prematurely dismiss Koch's petition.

**B.      Summary Dismissal**

Koch also argues he raised a genuine issue of material fact regarding his trial counsel's failure to challenge the search of his home in the underlying case. A petition for post-conviction relief initiates a proceeding that is civil in nature. I.C. § 19-4907; *Rhoades v. State*, 148 Idaho 247, 249, 220 P.3d 1066, 1068 (2009); *State v. Bearshield*, 104 Idaho 676, 678, 662 P.2d 548, 550 (1983); *Murray v. State*, 121 Idaho 918, 921, 828 P.2d 1323, 1326 (Ct. App. 1992). Like a plaintiff in a civil action, the petitioner must prove by a preponderance of evidence the allegations upon which the request for post-conviction relief is based. *Goodwin v. State*, 138 Idaho 269, 271, 61 P.3d 626, 628 (Ct. App. 2002). A petition for post-conviction relief differs from a complaint in an ordinary civil action. *Dunlap v. State*, 141 Idaho 50, 56, 106 P.3d 376, 382 (2004). A petition must contain much more than a short and plain statement of the claim that would suffice for a complaint under I.R.C.P. 8(a)(1). Rather, a petition for post-conviction relief must be verified with respect to facts within the personal knowledge of the petitioner, and affidavits, records, or other evidence supporting its allegations must be attached or the petition must state why such supporting evidence is not included with the petition. I.C. § 19-4903. In other words, the petition must present or be accompanied by admissible evidence supporting its allegations or the petition will be subject to dismissal. *Wolf v. State*, 152 Idaho 64, 67, 266 P.3d 1169, 1172 (Ct. App. 2011).

Idaho Code § 19-4906 authorizes summary dismissal of a petition for post-conviction relief, either pursuant to a motion by a party or upon the court's own initiative, if it appears from the pleadings, depositions, answers to interrogatories, and admissions and agreements of fact, together with any affidavits submitted, that there is no genuine issue of material fact and the moving party is entitled to judgment as a matter of law. When considering summary dismissal,

3

the district court must construe disputed facts in the petitioner's favor, but the court is not required to accept either the petitioner's mere conclusory allegations, unsupported by admissible evidence, or the petitioner's conclusions of law. *Roman v. State*, 125 Idaho 644, 647, 873 P.2d 898, 901 (Ct. App. 1994); *Baruth v. Gardner*, 110 Idaho 156, 159, 715 P.2d 369, 372 (Ct. App. 1986). Moreover, the district court, as the trier of fact, is not constrained to draw inferences in favor of the party opposing the motion for summary disposition; rather, the district court is free to arrive at the most probable inferences to be drawn from uncontroverted evidence. *Hayes v. State*, 146 Idaho 353, 355, 195 P.3d 712, 714 (Ct. App. 2008). Such inferences will not be disturbed on appeal if the uncontroverted evidence is sufficient to justify them. *Id.*

Claims may be summarily dismissed if the petitioner's allegations are clearly disproven by the record of the criminal proceedings, if the petitioner has not presented evidence making a prima facie case as to each essential element of the claims, or if the petitioner's allegations do not justify relief as a matter of law. *Kelly v. State*, 149 Idaho 517, 521, 236 P.3d 1277, 1281 (2010); *DeRushé v. State*, 146 Idaho 599, 603, 200 P.3d 1148, 1152 (2009). Thus, summary dismissal of a claim for post-conviction relief is appropriate when the court can conclude, as a matter of law, that the petitioner is not entitled to relief even with all disputed facts construed in the petitioner's favor. For this reason, summary dismissal of a post-conviction petition may be appropriate even when the state does not controvert the petitioner's evidence. *See Roman*, 125 Idaho at 647, 873 P.2d at 901.

Conversely, if the petition, affidavits, and other evidence supporting the petition allege facts that, if true, would entitle the petitioner to relief, the post-conviction claim may not be summarily dismissed. *Charboneau v. State*, 140 Idaho 789, 792, 102 P.3d 1108, 1111 (2004); *Sheahan v. State*, 146 Idaho 101, 104, 190 P.3d 920, 923 (Ct. App. 2008). If a genuine issue of material fact is presented, an evidentiary hearing must be conducted to resolve the factual issues. *Goodwin*, 138 Idaho at 272, 61 P.3d at 629.

On appeal from an order of summary dismissal, we apply the same standards utilized by the trial courts and examine whether the petitioner's admissible evidence asserts facts which, if true, would entitle the petitioner to relief. *Ridgley v. State*, 148 Idaho 671, 675, 227 P.3d 925, 929 (2010); *Sheahan*, 146 Idaho at 104, 190 P.3d at 923. Over questions of law, we exercise free review. *Rhoades*, 148 Idaho at 250, 220 P.3d at 1069; *Downing v. State*, 136 Idaho 367, 370, 33 P.3d 841, 844 (Ct. App. 2001).

4

Although Koch admits his petition did not raise a genuine issue of material fact regarding his trial counsel's failure to challenge the search of his home in the underlying case, he asserts his argument at the hearing on the motion for summary dismissal did. We disagree. Koch's unsworn statements at the hearing on the motion for summary dismissal were not admissible evidence.[1] Moreover, subsequent to the hearing, Koch did not submit into evidence the warrant or a sworn affidavit regarding the warrant. Thus, Koch's claim regarding his trial counsel's failure to challenge the search of his home in the underlying case relied solely on the conclusory statements in his petition and affidavit in support. Such statements are not sufficient to raise a genuine issue of material fact and survive summary dismissal. Accordingly, the district court properly held Koch did not raise a genuine issue of material fact regarding his trial counsel's failure to challenge the search of his home in the underlying case.

## III.

## CONCLUSION

The notice requirements of I.C. § 19-4906 were met and Koch did not raise a genuine issue of material fact regarding his trial counsel's failure to challenge the search of his home in the underlying case. The district court's judgment summarily dismissing Koch's petition for post-conviction relief is affirmed. Costs are awarded to respondent.

Chief Judge MELANSON and Judge HUSKEY **CONCUR**.

---

[1] *See* I.C. §§ 9-1406, 19-4906(c), 19-4907(a); Idaho Rule of Civil Procedure 56(c).