IN THE SUPREME COURT OF THE STATE OF IDAHO
Docket No. 46266

MELVIN JEREMY SAVAGE,         )
                                     )

   Petitioner-Appellant,       )     **Boise, December 2019 Term**
                                     )

v.                                )     **Opinion Filed: January 31, 2020**
                                   )

STATE OF IDAHO,            )     **Karel A. Lehrman, Clerk**
                                   )

   Respondent.               )
_____ )

Appeal from the District Court of the Seventh Judicial District of the State of Idaho, Bonneville County. Alan C. Stephens, District Judge.

The decision of the district court to grant summary dismissal is <u>reversed</u> and the case is <u>remanded</u>.

Eric D. Fredericksen, State Appellate Public Defender, Boise, for appellant. Brian Dickson argued.

Lawrence G. Wasden, Idaho Attorney General, Boise, for respondent. Mark Olson argued.

_____

BRODY, Justice.

This appeal arises out of a criminal defense attorney's failure to adequately advise his client about the client's constitutional rights against self-incrimination during a related civil deposition. Savage was convicted of first-degree arson and misdemeanor stalking. He filed a petition for post-conviction relief claiming that his trial counsel failed to adequately advise him about his rights under the Fifth Amendment of the U.S. Constitution and Article I Section 13 of the Idaho Constitution during a deposition in the civil case initiated by the victims of the arson. The district court granted the State's motion for summary dismissal of the post-conviction petition. Savage then filed a pro se motion for relief from judgment under Idaho Rule of Civil Procedure 60(b) which was not considered. Savage timely appealed from the district court's grant of summary dismissal and its order refusing to consider his Rule 60(b) motion. We reverse the district court's decision granting the State's motion for summary dismissal.

1

# I. FACTUAL AND PROCEDURAL BACKGROUND

Savage was charged with first-degree arson for setting fire to the home of the attorney representing his wife in their divorce. A few weeks later, the alleged victims of the arson (the "civil plaintiffs") initiated a civil suit against Savage for damages resulting from the arson. Trent Grant, an attorney with the Bonneville County Public Defender's Office, was assigned to represent Savage in his criminal case.

Shortly after Grant was assigned to the criminal case, Savage was served with notice that he was required to participate in a deposition in the civil case. The notice was served on a Friday and advised Savage that he was to appear on Monday. In a declaration filed in support of his petition for post-conviction relief, Savage asserted that immediately after he received this notice, he asked Grant if they could postpone the civil deposition until after his criminal case had concluded, and Grant responded "probably not." Savage also asserted that he asked Grant whether he could "plead the Fifth" or refuse to answer questions at the deposition, since he had not yet entered a plea in the criminal case. He asserted that Grant advised him that if he refused to answer or participate in the deposition, the plaintiffs would get a court order requiring him to answer all of their questions under penalty of perjury.

Savage asserted that as a result of Grant's failures to properly advise him and to file a motion to stay the deposition and other civil court proceedings, he appeared at the deposition and answered all of the questions. In his second declaration, Savage stated that the judge in his civil case sent the Bonneville County Sheriff to the jail with a signed court order to transport him to the deposition. The declaration also stated that he told the transport officers that he was refusing to be transported, but they "physically shackled" him and threatened him with "severe consequences due to the order" when he repeated his refusal during the ride to the deposition.

After the deposition, the civil plaintiffs' attorney provided a copy of the deposition transcript to the prosecuting attorney, who then provided a copy to Grant through a supplemental discovery response. Savage stated both during and after the deposition that he was not prepared to participate at that time because he had only had three days' notice. During the deposition, Savage made several incriminating statements in response to questions he was asked. He was not represented by counsel and did not invoke his rights against self-incrimination during the deposition.

2

Savage asserted in his first declaration that after the deposition, Grant told him that he should waive his preliminary hearing due to the statements Savage made during the deposition. As a result, Savage did so. Once Savage waived his preliminary hearing, he was bound over to district court. Savage asserted in his declaration that he felt "at [a] loss as [to] what [he] could do with no access to [his] money to hire a decent lawyer who would look out for [his] constitutional rights, rather than sit by as [Grant] was doing," so Savage eventually decided to accept the State's plea offer. Savage agreed to plead guilty to the felony offense of first-degree arson, the misdemeanor offense of second-degree stalking, and, under a separate case number, violation of a no contact order.

The district court imposed a unified sentence of nineteen years for arson, with four years fixed, and sentences of one year fixed for each of the misdemeanor offenses to run concurrently with the sentence for arson. Savage filed an Idaho Criminal Rule 35 motion to reduce his sentence, which the district court granted in part, reducing the indeterminate portion of his sentence by one year. Savage appealed from his judgment of conviction, sentence, and the district court's order partially granting his Rule 35 motion, and the Court of Appeals affirmed. Savage's subsequent petition for review of the Court of Appeals' decision was denied.

Savage then filed a pro se verified petition for post-conviction relief. The petition included a claim of ineffective assistance of counsel due to Grant's failure to file a motion to stay the civil court proceedings "in order to protect [him] from self-incrimination." The district court granted Savage's motion for a court-appointed post-conviction counsel, and Daniel Taylor was assigned to represent Savage in the post-conviction proceeding.

Taylor filed a motion to supplement Savage's petition for post-conviction relief, which the district court granted. The supplement replaced Savage's allegation that Grant was ineffective because he failed to stay the civil court proceedings with an allegation that he failed to adequately advise Savage about his rights under the Fifth Amendment of the U.S. Constitution and under Article 1 Section 13 of the Idaho Constitution.

The State subsequently filed a motion for summary dismissal of all claims in Savage's petition for post-conviction relief, along with an affidavit by Grant. In his affidavit, Grant asserted that he told Savage that whatever Savage said in the deposition could be used outside the scope of the civil case and could likely be used against him in the criminal case. Grant also stated that he told Savage that "there were no guaranteed protections that would preclude his

3

deposition testimony from being used, despite objections, in the criminal case." Grant further stated that he discussed potential options about the deposition with Savage; for example, they "discussed that perhaps [Savage] could try to assert his constitutional rights against self-incrimination and refuse to answer the questions"—"in other words, [they] discussed whether it would be appropriate for [Savage] to 'plead the 5th.'" Grant stated that they also discussed whether it would be appropriate for Savage "to simply refuse to answer the questions" or to "simply refuse to participate in the deposition, altogether." Grant also asserted that he told Savage that "refusal to answer the deposition questions would likely only delay the deposition process and not stop it," and the plaintiffs "could probably obtain a court order requiring [Savage] to participate in the deposition" and Savage "could be ordered to pay the costs and fees associated with obtaining and enforcing such an order" and "could be held in contempt of court." Grant further stated that he told Savage that his "preference would be to avoid the deposition if possible," but the decision whether to participate was Savage's, not his.

Taylor did not file a response to the State's motion for summary dismissal, and the motion was granted.

Savage, through Taylor, filed a timely notice of appeal from the summary dismissal as well as a motion to appoint the State Appellate Public Defender to assist him with his appeal. Soon afterwards, Savage filed a pro se motion for reconsideration, which included a request for relief from judgment under Idaho Rule of Civil Procedure 60(b)(6). Savage argued that Taylor had abandoned him by failing to effectively communicate with him, and this led to the summary dismissal of his petition. Savage asserted that Taylor did not send him a copy of the State's motion to summarily dismiss his petition until after the district court had granted it, and Savage did not see the motion until that point. Savage claimed that if Taylor had discussed the motion for summary dismissal with him, Savage could have provided him with a declaration refuting several of the allegations made in Grant's affidavit, thereby creating genuine disputes of material fact precluding summary dismissal.

Savage attached a responsive declaration that he alleges he would have provided to Taylor as an exhibit to his Rule 60(b) motion. In the declaration, Savage set forth the responses he would have given to Taylor to use in countering the State's motion for summary dismissal. For example, Savage asserted that Grant specifically told him that he could *not* "plead the 5th" in the civil deposition and that he *had* to answer the questions. Additionally, Grant did *not* tell him

4

that whatever he said in the deposition could be used outside the scope of the civil case and could likely be used against him in the criminal case; he never explained anything about the civil case nor did he "tell [him] about self-incrimination"; he only discussed consequences of non-cooperation. The only legal advice Grant gave was to cooperate.

The district court issued an order in which it stated that Savage had submitted a number of papers on his own, but because Savage was represented by counsel, it would not consider any motions or requests not filed through his counsel of record. Savage timely appealed from this order. The district court granted Savage's motion for appointment of appellate counsel and appointed the State Appellate Public Defender to represent him.

## II.     ISSUES PRESENTED

A. Whether the district court erred by summarily dismissing Savage's claim that his trial counsel was ineffective for failing to effectively advise him of his Fifth Amendment rights.

## III.     STANDARD OF REVIEW

A petition for post-conviction relief initiates a civil proceeding in which the petitioner must prove the allegations in the petition by a preponderance of the evidence. *Thumm v. State*, 165 Idaho 405, 412, 447 P.3d 853, 860 (2019). Idaho Code section 19-1406 authorizes summary dismissal of a petition for post-conviction relief upon either the motion of either party or the trial court's own initiative. I.C. § 19-4906. This Court's standard of review when considering whether the district court erred in granting a motion for summary dismissal is as follows:

> Summary disposition of a petition for post-conviction relief is appropriate if the applicant's evidence raises no genuine issue of material fact. On review of a dismissal of a post-conviction relief application without an evidentiary hearing, this Court will determine whether a genuine issue of fact exists based on the pleadings, depositions and admissions together with any affidavits on file and will liberally construe the facts and reasonable inferences in favor of the non-moving party. A court is required to accept the petitioner's unrebutted allegations as true, but need not accept the petitioner's conclusions. When the alleged facts, even if true, would not entitle the applicant to relief, the trial court may dismiss the application without holding an evidentiary hearing. Allegations contained in the application are insufficient for the granting of relief when (1) they are clearly disproved by the record of the original proceedings, or (2) do not justify relief as a matter of law.

*Johnson v. State*, 162 Idaho 213, 217, 395 P.3d 1246, 1250, *cert. denied*, 138 S. Ct. 470, 199 L. Ed. 2d 357 (2017) (citing *Kelly v. State*, 149 Idaho 517, 521, 236 P.3d 1277, 1281 (2010)).

## IV. ANALYSIS

**A. The district court erred by summarily dismissing Savage's petition for post-conviction relief because Savage raised a genuine issue of material fact regarding deficient performance.**

Savage's post-conviction petition was based on his claim that Grant failed to adequately advise him about his Fifth Amendment rights. Ineffective assistance of counsel claims may be raised in post-conviction proceedings. *Thumm*, 165 Idaho at 412, 447 P.3d at 860. This Court uses the two-prong test set out in *Strickland v. Washington*, 466 U.S. 668 (1984) to determine whether a criminal defendant received effective assistance of counsel, as required by the Sixth Amendment to the United States Constitution and Article 1, Section 13 of the Idaho Constitution. *Id.* at 412-13, 447 P.3d at 860-61. The deficient performance prong requires showing that counsel's performance fell below an objective level of reasonableness. *Id.* at 413, 447 P.3d at 861. The resulting prejudice prong requires showing that there is a reasonable probability that, but for counsel's errors, the outcome would have been different. *Id.*

The district court dismissed Savage's claim on the grounds that he had not met his burden of showing deficient performance. The district court reasoned that Savage's assertion that Grant told him the civil plaintiffs would get a court order requiring him to answer questions if he refused to participate in the deposition showed that Grant *did* tell him he could refuse to answer questions. Therefore, Savage had not shown that Grant's assistance was deficient. The district court did not analyze whether Savage had shown resulting prejudice.

On appeal, Savage argues that this conclusion was erroneous for three reasons: (1) Grant's advice was directly contrary to precedent establishing that the Fifth Amendment privileges a person not to answer questions in any proceeding where the answers might tend to incriminate him in future criminal proceedings; (2) states may not impose substantial penalties because a person exercises his Fifth Amendment privilege; and (3) if a person is nonetheless compelled to answer, his answers are inadmissible in a later prosecution. In response on appeal, the State concedes that Savage alleged facts establishing a prima facie case that Grant provided deficient advice.

Therefore, the parties agree that the district court erred in its analysis of the deficient performance prong of the *Strickland* test. Because the district court did not analyze the resulting prejudice prong, we decline to analyze in the first instance whether Savage failed to raise a genuine issue of material fact regarding resulting prejudice.

6

## V.    CONCLUSION

We reverse the district court's decision to grant summary dismissal of the petition for post-conviction relief and remand this case for further proceedings consistent with this opinion. Because we conclude that the district court erred by summarily dismissing Savage's petition for post-conviction relief, the issue of whether it erred when it refused to consider Savage's Rule 60(b) motion is moot.

Chief Justice BURDICK, and Justices BEVAN, STEGNER, and MOELLER CONCUR.