**IN THE COURT OF APPEALS OF THE STATE OF IDAHO**

**Docket No. 46460**

| | |
|---|---|
| MITCHELL JAMES PONTING, | ) |
| | ) Filed: February 19, 2020 |
| Petitioner-Appellant, | ) |
| | ) Karel A. Lehrman, Clerk |
| v. | ) |
| | ) THIS IS AN UNPUBLISHED |
| STATE OF IDAHO, | ) OPINION AND SHALL NOT |
| | ) BE CITED AS AUTHORITY |
| Respondent. | ) |
| | ) |

Appeal from the District Court of the Fourth Judicial District, State of Idaho, Ada County. Hon. Lynn G. Norton, District Judge.

Order dismissing petition for post-conviction relief, <u>affirmed</u>.

Eric D. Fredericksen, State Appellate Public Defender; Maya P. Waldron, Deputy Appellate Public Defender, Boise, for appellant.

Hon. Lawrence G. Wasden, Attorney General; Jeffery D. Nye, Deputy Attorney General, Boise, for respondent.

_____

BRAILSFORD, Judge

Mitchell James Ponting appeals from the district court's summary dismissal of his petition for post-conviction relief. We affirm.

**I.**

**FACTUAL AND PROCEDURAL BACKGROUND**

After officers found a syringe of heroin in a bag in Ponting's car, the State charged Ponting with two counts of possession of a controlled substance, Idaho Code § 37-2732(c)(1), and one count of possession of drug paraphernalia, I.C. § 37-2734A(1). Ponting entered into a plea agreement in which he agreed to plead guilty to one count of possession of a controlled substance. In exchange, the State agreed to dismiss the remaining charges, to recommend a sentence of four years with one year determinate, and not to pursue a persistent violator enhancement. The district court imposed the recommended sentence.

1

Thereafter, Ponting filed a petition for post-conviction relief and subsequently an amended petition asserting several claims of ineffective assistance of counsel. At issue in this appeal is Ponting's claim that his counsel failed to have the syringe and the bag tested for DNA or fingerprints.[1] In his amended petition, Ponting alleged that he asked his counsel to have the syringe and the bag tested for fingerprints and DNA; such testing would have shown Ponting's fingerprints and DNA were not on the syringe and the bag; the absence of such evidence or the presence of someone else's fingerprints and DNA would have been exculpatory; and if his counsel had tested the syringe and the bag, Ponting would not have pled guilty but rather proceeded to trial.

The State filed a motion for summary dismissal of this claim, arguing Ponting failed to show a genuine issue of material fact that the lack of testing prejudiced him. The district court summarily dismissed Ponting's claim by concluding he "failed to show he would not have plead guilty had trial counsel tested the evidence and, therefore, has failed to show prejudice." Ponting timely appeals, arguing he did not receive notice of the reason for the court's dismissal of his claim.

## II.

## ANALYSIS

At issue on appeal is whether Ponting was given the required notice and opportunity to respond to its reason for summarily dismissing his claim that his counsel was ineffective for failing to test the bag and the syringe for fingerprints and DNA. To prevail on an ineffective assistance of counsel claim, the petitioner must show both that the attorney's performance was deficient and that the petitioner was prejudiced by the deficiency. *Strickland v. Washington*, 466 U.S. 668, 687-88 (1984); *Self v. State*, 145 Idaho 578, 580, 181 P.3d 504, 506 (Ct. App. 2007). To establish a deficiency, the petitioner has the burden of showing that the attorney's representation fell below an objective standard of reasonableness. *Aragon v. State*, 114 Idaho 758, 760, 760 P.2d 1174, 1176 (1988); *Knutsen v. State*, 144 Idaho 433, 442, 163 P.3d 222, 231 (Ct. App. 2007). To establish prejudice, the petitioner must show a reasonable probability that,

---

[1]     Both in his amended petition and on appeal, Ponting characterizes his counsel's failure to test the syringe as separate from his failure to test the bag and refers to them as two "claims." The analysis, however, is the same for both claims. For ease of analysis, this Court refers to the claims as a singular claim.

but for the attorney's deficient performance, the outcome of the trial would have been different. *Aragon*, 114 Idaho at 761, 760 P.2d at 1177; *Knutsen*, 144 Idaho at 442, 163 P.3d at 231.

The district court dismissed Ponting's claim under the prejudice prong of *Strickland*. In support of its summary dismissal, the district court noted that Ponting acknowledged during the guilty plea proceedings that there was nothing he had requested his counsel to do which his counsel had failed to do and that Ponting admitted he knew there was heroin in his car. Based on this admission, the court concluded "whether [Ponting's] fingerprints or DNA were on the bag or syringe is immaterial," and it ruled that "based on the record, the Court finds [Ponting] has failed to show he would not have plead guilty had trial counsel tested the evidence and, therefore, has failed to show prejudice."

Ponting asserts he "did not have notice and opportunity to respond to the court's stated reasons" for dismissing his claim. In support, Ponting argues the district court found he failed to show prejudice "for different reasons" than the State argued in support of its motion for summary judgment. We disagree that Ponting did not have notice of the basis for the court's dismissal of his claim.

As the Idaho Supreme Court has noted:

> The district court cannot dismiss claims on its own motion if it does not give the parties twenty-day prior notice stating its reasons for doing so as required by Idaho Code § 19-4906(b). Likewise, if the State moves to dismiss a petition under Idaho Code § 19-4906(c), the court cannot dismiss a claim on a ground not asserted by the State in its motion unless the court gives the twenty-day notice required by Section 19-4906(b).

*DeRushé v. State*, 146 Idaho 599, 602, 200 P.3d 1148, 1151 (2009) (citations omitted); *see also Kelly v. State*, 149 Idaho 517, 523, 236 P.3d 1277, 1283 (2010).

The notice requirement under I.C. § 19-4906 is met if a petitioner cannot assert surprise or prejudice. *DeRushé*, 146 Idaho at 601, 200 P.3d at 1150. Because a post-conviction proceeding is governed by the Idaho Rules of Civil Procedure, a motion for summary dismissal must state the grounds for dismissal with particularity under Idaho Rule of Civil Procedure 7(b)(1). *DeRushé*, 146 Idaho at 601, 200 P.3d at 1150. Reasonable particularity requires only pointing out the absence of admissible evidence of an essential element. *Id.* at 601-02, 200 P.3d at 1150-51. Reasonable particularity does not require the State to explain for the petitioner what further evidence is necessary to substantiate the petitioner's claim. *Id.* at 602, 200 P.3d at 1151.

3

The notice requirement under I.C. § 19-4906 is met if a district court summarily dismisses a petition for post-conviction relief based *in part* on the State's arguments. *Kelly*, 149 Idaho at 523, 236 P.3d at 1283. In *Kelly*, the State moved for summary dismissal, arguing the petitioner had "no evidentiary basis to support his claims." *Id.* While the district court analyzed the petitioner's claims on separate grounds than those the State asserted in its motion, the court ultimately concluded "Kelly's petition for post-conviction relief [failed] because his affidavits [did] not contain admissible facts to support his allegations of ineffective assistance of counsel." *Id.* (quotations omitted). As a result, the Idaho Supreme Court held that "it is clear that the district court's dismissal of Kelly's [petition] for post-conviction relief was based at least partially on the grounds that the State argued." *Id.* Accordingly, the notice requirement under I.C. § 19-4906 was met in *Kelly*.

As in *Kelly*, Ponting had adequate notice he lacked admissible evidence of an essential element--prejudice--to support his claim for ineffective assistance of counsel. In support of its motion, the State argued Ponting "failed to raise a genuine issue of material fact that he would not have pled guilty if the syringe or bag were tested." The State reasoned Ponting could not be prejudiced by the absence of fingerprint or DNA evidence. As the State noted in its reply, this argument challenged Ponting's lack of evidence of prejudice.[2]

The district court dismissed Ponting's claim--at least in part--on the same basis, namely that Ponting failed to raise a genuine issue of material fact regarding prejudice. Specifically, the district court ruled Ponting "failed to show he would not have plead guilty had trial counsel tested the evidence and, therefore, . . . failed to show prejudice." The district court reasoned that whether Ponting's fingerprints or DNA were on the bag or the syringe was immaterial because Ponting admitted to knowing there was heroin in his car. In other words, the district court concluded that neither the absence of Ponting's fingerprints or DNA nor the presence of others' provided Ponting a viable defense because he admitted he knew the heroin was in his car. *See,*

---

[2]     In support of his petition and in response to the State's motion for summary judgment, Ponting alleged he would not have pled guilty if his counsel had tested the syringe and the bag. As the Idaho Supreme Court has held, however, such an assertion is insufficient to withstand summary dismissal. *Ridgley v. State*, 148 Idaho 671, 677, 227 P.3d 925, 931 (2010). Rather, a petitioner must draw a causal connection between his counsel's alleged deficiency and the petitioner's decision to plead guilty. *Id.*

*e.g.*, *State v. Blake*, 133 Idaho 237, 242, 985 P.2d 117, 122 (1999) (noting State may prove possession by constructive possession which may be either joint or exclusive).

That the district court's explanation of why Ponting could not show prejudice was somewhat different than the State's reasoning does not mean, as Ponting argues, that he did not receive notice of the basis for the court's dismissal of his claim. As in *Kelly*, the State argued Ponting failed to establish a genuine issue of material fact of prejudice and the court dismissed his claim for this failure. As a result, Ponting had advance notice as required by I.C. § 19-4906 of the basis for the court's dismissal.

## III.
## CONCLUSION

Based on the foregoing, we affirm the summary dismissal of Ponting's petition for post-conviction relief.

Chief Judge HUSKEY and Judge GRATTON **CONCUR**.