IN THE COURT OF APPEALS OF THE STATE OF IDAHO
Docket No. 48681

LARRY BURTON PENKUNIS,

        Petitioner-Appellant,

v.

STATE OF IDAHO,

        Respondent.

)
)
)
)
)
)
)
)
)
)
)
)

Filed: February 25, 2022

Melanie Gagnepain, Clerk

THIS IS AN UNPUBLISHED
OPINION AND SHALL NOT
BE CITED AS AUTHORITY

---

Appeal from the District Court of the First Judicial District, State of Idaho, Kootenai County. Hon. Richard S. Christensen, District Judge.

Judgment summarily dismissing petition for post-conviction relief, <u>affirmed</u>.

Eric D. Fredericksen, State Appellate Public Defender; Jenny C. Swinford, Deputy Appellate Public Defender, Boise, for appellant.

Hon. Lawrence G. Wasden, Attorney General; Justin R. Porter, Deputy Attorney General, Boise, for respondent.

---

HUSKEY, Chief Judge

Larry Burton Penkunis appeals from the district court's judgment summarily dismissing his petition for post-conviction relief. Penkunis argues the district court erred in summarily dismissing one of his claims without providing notice that the claim would be dismissed. Because the State provided notice of the reason for dismissal and the district court adopted, at least in part, the State's reasoning, Penkunis was sufficiently notified of the basis of dismissal and the district court did not err. The judgment summarily dismissing Penkunis's petition for post-conviction relief is affirmed.

## I.

## FACTUAL AND PROCEDURAL BACKGROUND

Following Penkunis's guilty plea to one count of delivery of a controlled substance, the district court imposed a unified term of incarceration of twenty-five years, with twelve years

determinate. Penkunis filed an Idaho Criminal Rule 35 motion, which the district court granted, reducing the determinate portion of the sentence to ten years but leaving in place the aggregate sentence of twenty-five years. Penkunis appealed, arguing the district court erred by not further reducing his sentence, and this Court affirmed the district court's judgment of conviction and the ruling on the Rule 35 motion. *State v. Penkunis*, Docket No. 46498 (August 28, 2019) (unpublished).

Thereafter, Penkunis timely filed a verified petition for post-conviction relief. In his petition, Penkunis raised six claims of ineffective assistance of counsel, alleging counsel:

(a) Manipulated [Penkunis's] plea using [his] ignorance against [him].
(b) Allowed prosecutor misconduct knowingly.
(c) Leaked info breaking attorney client privilege.
(d) Instilled fear by reiterating [counsel's] fear of [Penkunis] doing life.
(e) Failed to show for vital negotiations on the eve of sentencing.
(f) Failed to advise [Penkunis] to the best of [counsel's] ability on certain specifics concerning the plea she pressed [him] into.

The State filed an answer asserting, among other grounds, that Penkunis's petition should be dismissed because it "contains bare and conclusory allegations unsupported by affidavits, records, or other admissible evidence, and therefore fails to raise any genuine issue of material fact." Penkunis filed no responsive pleading.

The State then filed a motion for summary dismissal. The State moved the district court to dismiss the petition pursuant to Idaho Code § 19-4906(c). The State also cited *Strickland v. Washington*, 466 U.S. 668, 687-688 (1984) for the proposition that to prevail on an ineffective assistance of counsel claim, a petitioner must show that counsel's performance was deficient and that the petitioner was prejudiced by the deficiency. The State addressed claims (a)-(d) and (f) specifically within the body of the petition and ultimately requested that the petition be summarily dismissed because there were no issues of material fact. Penkunis filed a response to the State's motion and did not address the grounds for dismissal alleged by the State but instead, raised new claims.

The State responded, objecting to any new claims being raised and noted generally, that Penkunis still had not presented sufficient evidence to create a genuine issue of material fact, was not entitled to judgment as a matter of law, and failed to meet his burden regarding his claims of ineffective assistance of counsel. The State then again specifically addressed claims (a)-(d) and (f) as raised in the initial petition and argued Penkunis failed to meet his burden as to either

2

*Strickland* prong with regard to his claims. In the conclusion section, the State again asserted Penkunis's petition should be dismissed "for the reasons set forth above." One of the "reasons set forth above" was that the State requested dismissal pursuant to I.C. § 19-4906(c), and further explained that Penkunis presented no evidence of material fact that would entitle him to relief.

The district court held a hearing on the State's motion for summary dismissal. The State argued that the new claims raised in response to the motion for summary dismissal were inappropriately before the court; Penkunis waived the claims raised in the initial petition by failing to address them in his response; and he had not alleged a genuine issue of material fact as to any of the claims raised in the initial petition. Penkunis did not address the State's argument that Penkunis failed to raise a genuine issue of material fact for the claims alleged in the initial petition. Instead, Penkunis focused on the new claims raised in the response to the motion to dismiss.

The district court ruled from the bench and granted the State's motion for summary dismissal. The district court cited to I.C. § 19-4906(c)[1] and noted that the petition could be summarily dismissed if the petition did not present a genuine issue of material fact. The district court noted that Penkunis brought "essentially" three claims of ineffective assistance of counsel in his initial petition: (1) breached confidentiality; (2) failed to object to prosecutorial misconduct; and (3) "forced" petitioner into the plea.

As to the first claim, the court found Penkunis failed to present any evidence to support the claim and he did not address the issue in the State's motion for summary dismissal; thus, the claim was waived. The district court found the second claim could have been raised on direct appeal and was therefore waived; the district court also found that Penkunis failed to establish any prejudice. For the third and final claim, the district court found there was no evidence presented that Penkunis was forced into the plea and Penkunis failed to establish any prejudice. The court ruled "all of those claims are dismissed" as they were not argued before the court and failed to meet the standards of *Strickland*. The district court then addressed the claims raised in Penkunis's response to the State's summary dismissal before it summarily dismissed those claims. The district

---

[1]     There was no court reporter for this hearing. Although the transcript indicates the district court relied on Idaho Code § 19-4906(e), the provision does not have a subsection (e). It appears this is a typographical error and "e" and "c" sound very similar. Based on the context of the district court's statements, it appears the court was citing to I.C. § 19-4906(c).

court granted the State's motion and entered judgment dismissing the petition. Penkunis timely appealed.

## II.

## STANDARD OF REVIEW

Idaho Code § 19-4906 authorizes summary dismissal of a petition for post-conviction relief, either pursuant to a motion by a party or upon the court's own initiative, if it appears from the pleadings, depositions, answers to interrogatories, and admissions and agreements of fact, together with any affidavits submitted, that there is no genuine issue of material fact and the moving party is entitled to judgment as a matter of law. When considering summary dismissal, the district court must construe disputed facts in the petitioner's favor, but the court is not required to accept either the petitioner's mere conclusory allegations, unsupported by admissible evidence, or the petitioner's conclusions of law. *Roman v. State*, 125 Idaho 644, 647, 873 P.2d 898, 901 (Ct. App. 1994); *Baruth v. Gardner*, 110 Idaho 156, 159, 715 P.2d 369, 372 (Ct. App. 1986). Moreover, the district court, as the trier of fact, is not constrained to draw inferences in favor of the party opposing the motion for summary disposition; rather, the district court is free to arrive at the most probable inferences to be drawn from uncontroverted evidence. *Hayes v. State*, 146 Idaho 353, 355, 195 P.3d 712, 714 (Ct. App. 2008). Such inferences will not be disturbed on appeal if the uncontroverted evidence is sufficient to justify them. *Id.*

Claims may be summarily dismissed if the petitioner's allegations are clearly disproven by the record of the criminal proceedings, if the petitioner has not presented evidence making a prima facie case as to each essential element of the claims, or if the petitioner's allegations do not justify relief as a matter of law. *Kelly v. State*, 149 Idaho 517, 521, 236 P.3d 1277, 1281 (2010); *DeRushé v. State*, 146 Idaho 599, 603, 200 P.3d 1148, 1152 (2009). Thus, summary dismissal of a claim for post-conviction relief is appropriate when the court can conclude, as a matter of law, that the petitioner is not entitled to relief even with all disputed facts construed in the petitioner's favor. For this reason, summary dismissal of a post-conviction petition may be appropriate even when the state does not controvert the petitioner's evidence. *See Roman*, 125 Idaho at 647, 873 P.2d at 901.

Conversely, if the petition, affidavits, and other evidence supporting the petition allege facts that, if true, would entitle the petitioner to relief, the post-conviction claim may not be summarily dismissed. *Charboneau v. State*, 140 Idaho 789, 792, 102 P.3d 1108, 1111 (2004);

4

*Sheahan v. State*, 146 Idaho 101, 104, 190 P.3d 920, 923 (Ct. App. 2008). If a genuine issue of material fact is presented, an evidentiary hearing must be conducted to resolve the factual issues. *Goodwin v. State*, 138 Idaho 269, 272, 61 P.3d 626, 629 (2002).

On appeal from an order of summary dismissal, we apply the same standards utilized by the trial courts and examine whether the petitioner's admissible evidence asserts facts which, if true, would entitle the petitioner to relief. *Ridgley v. State*, 148 Idaho 671, 675, 227 P.3d 925, 929 (2010); *Sheahan*, 146 Idaho at 104, 190 P.3d at 923. Over questions of law, we exercise free review. *Rhoades v. State*, 148 Idaho 247, 250, 220 P.3d 1066, 1069 (2009); *Downing v. State*, 136 Idaho 367, 370, 33 P.3d 841, 844 (Ct. App. 2001).

## III.

## ANALYSIS

On appeal, Penkunis argues the district court erred in summarily dismissing claim (e) from his initial post-conviction petition because the district court failed to provide notice of the basis of dismissal for this claim. Penkunis asserts that because the State specifically addressed claims (a)-(d) and (f) in its motion for summary disposition, but did not allege specific grounds for dismissal of claim (e), the district court erred in dismissing the claim. The State argues that because it presented grounds for dismissing the entire petition as failing to establish a genuine issue of material fact and the district court dismissed the petition, at least in part, on that same ground, Penkunis was not entitled to additional or different notice of dismissal by the district court.

Penkunis argues that the State's motion for summary dismissal did not provide proper notice pursuant to I.C. § 19-4906(c). The notice requirement of I.C. § 19-4906(c) is met if the notice is sufficient that the other party cannot assert surprise or prejudice. *DeRushé*, 146 Idaho at 601, 200 P.3d at 1150. Because a post-conviction proceeding is governed by the Idaho Rules of Civil Procedure, a motion for summary dismissal must, pursuant to I.R.C.P. 7(b)(1), state the grounds for dismissal with particularity. *DeRushé*, 146 Idaho at 601, 200 P.3d at 1150. For example, to prevail on an ineffective assistance of counsel claim, a petitioner must show that the attorney's performance was deficient and that the petitioner was prejudiced by the deficiency. *Strickland*, 466 U.S. at 687-88; *Self v. State*, 145 Idaho 578, 580, 181 P.3d 504, 506 (Ct. App. 2007). Reasonable particularity only requires pointing out that there is a lack of evidence showing deficient performance or prejudice. *See DeRushé*, 146 Idaho at 601-02, 200 P.3d at 1150-51. It does not require explaining what further evidence is necessary to substantiate a petitioner's claim.

*Id.* at 602, 200 P.3d at 1151. If a petitioner believes the grounds for dismissal alleged by the State in its motion for summary dismissal are insufficient, he or she must object in the court below. *Kelly*, 149 Idaho at 522 n.1, 236 P.3d at 1282 n.1. A petitioner cannot challenge the sufficiency of the State's grounds for dismissal for the first time on appeal. *DeRushé*, 146 Idaho at 602, 200 P.3d at 1151. However, a petitioner may assert for the first time on appeal that his or her post-conviction claims were dismissed without any notice at all. *Kelly*, 149 Idaho at 522, 236 P.3d at 1282.

The Idaho Supreme Court has held that when a district court summarily dismisses a post-conviction petition relying in part on the same grounds presented by the State in its motion for summary dismissal, the notice requirement has been met. *Id.* at 523, 236 at 1283. Kelly argued the district court erred in dismissing his petition for post-conviction relief because the State's motion for summary dismissal contained no notice of the grounds on which his claim was dismissed and the district court dismissed several of his claims on grounds entirely different than the grounds argued by the State. The State's motion sought dismissal on the grounds that there was no evidentiary basis to support Kelly's claims, and the State supported its conclusion citing extensively from Idaho law. *Id*. at 522, 236 P.3d at 1282.

The district court considered Kelly's petition under several grounds not raised by the State, but it also dismissed Kelly's claims on the ground that Kelly did not provide facts sufficient to support his claims. On appeal, the Idaho Supreme Court held that Kelly was afforded sufficient notice because when a trial court summarily dismisses a petition for post-conviction relief based in part on the arguments presented by the State, the notice requirements of I.C. § 19-4906(b) are satisfied. *Kelly*, 149 Idaho at 523, 236 P.3d at 1283.

Although Penkunis attempts to characterize his claim as one of no notice rather than an insufficiency of notice, this characertization is misplaced. The State's answer asserted Penkunis's petition should be dismissed because, among other grounds, "The Petition for Post-Conviction Relief contains bare and conclusory allegations unsupported by affidavits, records, or other admissible evidence, and therefore fails to raise any genuine issue of material fact." This general statement was addressed to all claims in the petition, as reflected by its language to "[t]he petition."

In its motion for summary dismissal, the State moved the district court to dismiss "the Petition" pursuant to I.C. § 19-4906(c), cited the *Strickland* standard for establishing ineffective assistance of counsel claims, and requested the court dismiss "the Petition, as no issues of material

fact remain." Again, the general basis for dismissal was not limited to any specific claim in the petition but rather, alleged the petition as a whole failed to establish a genuine issue of material fact. That the State addressed claims (a)-(d) and (f) specifically within the body of the motion does not negate the more general basis for dismissal. If Penkunis believed the general grounds for dismissal were insufficient, he was required to raise the issue in the district court. *Kelly*, 149 Idaho at 522 n.1, 236 P.3d at 1282 n.1. His failure to do so is fatal to his claim on appeal. *DeRushé*, 146 Idaho at 602, 200 P.3d at 1151.

Ultimately, the district court dismissed the petition, including claim (e), because the claims failed to raise a genuine issue of material fact. Consequently, the district court dismissed the petition, at least in part, on the grounds raised by the State in its answer, motion for summary dismissal, and response to the objection to summary dismissal. Thus, Penkunis has failed to establish he did not receive sufficient notice prior to the dismissal.

## IV.

## CONCLUSION

Penkunis had proper notice of the grounds for dismissal, and the district court did not err by summarily dismissing the petition. Accordingly, the judgment summarily dismissing Penkunis's petition for post-conviction relief is affirmed.

Judge GRATTON and Judge BRAILSFORD **CONCUR**.