# IN THE COURT OF APPEALS OF THE STATE OF IDAHO

## Docket No. 44952

| | | |
|---|---|---|
| TOMMY D. COLE, | ) | 2018 Unpublished Opinion No. 359 |
| | ) | |
| Petitioner-Appellant, | ) | Filed: February 16, 2018 |
| | ) | |
| v. | ) | Karel A. Lehrman, Clerk |
| | ) | |
| STATE OF IDAHO, | ) | THIS IS AN UNPUBLISHED |
| | ) | OPINION AND SHALL NOT |
| Respondent. | ) | BE CITED AS AUTHORITY |
| | ) | |

Appeal from the District Court of the Second Judicial District, State of Idaho, Idaho County. Hon. Gregory Fitzmaurice, District Judge.

Order granting motion for summary dismissal of petition for post-conviction relief, <u>affirmed</u>.

Silvey Law Office Ltd.; Greg S. Silvey, Boise, for appellant.

Hon. Lawrence G. Wasden, Attorney General; John C. McKinney, Deputy Attorney General, Boise, for respondent.

_____

GRATTON, Chief Judge

Tommy D. Cole appeals from the district court's order granting motion for summary dismissal of his petition for post-conviction relief.

## I.

## FACTUAL AND PROCEDURAL BACKGROUND

This Court previously relayed the facts of this case in Cole's direct appeal as follows:

The state charged Cole with two counts of aggravated assault and one count of operating a vehicle without the owner's consent following a confrontation between Cole, his ex-wife, and another male outside of a bar. Evidence at trial showed that Cole observed his ex-wife and the male inside a bar. When the male and female exited the bar and as the female was getting into her vehicle, Cole emerged from the backseat of the vehicle, confronted the female with a firearm, and threatened to kill both the female and the male. The female retreated back into the bar. Cole followed her, continued to threaten her, and pointed the firearm at her. Subsequently, the male came to the front door of the

1

bar and got Cole's attention. Cole chased the male back outside and pointed the firearm at him. The female hid inside the bar with the bartender and contacted the police. Before the police arrived, Cole left the scene in the female's vehicle, which was later found abandoned. Cole was arrested three days later.

Prior to trial, the state filed notice of its intent to introduce certain evidence at trial. Specifically, the State gave notice that it intended to offer statements allegedly made by Cole to the female over the telephone the day following the incident at the bar. Cole objected, arguing that the admission of the alleged statements was impermissible pursuant to Idaho Rule of Evidence 404(b). After a hearing, the district court ruled that the state could offer the phone statements into evidence. At trial, the female offered testimony concerning these phone statements. A jury found Cole guilty of the two counts of aggravated assault, I.C. §§ 18-901(b) and 18-905(a), and operating a motor vehicle without the owner's consent, I.C. § 49-227.

*State v. Cole*, Docket No. 42149 (Ct. App. Feb. 2, 2016) (unpublished). This Court held that the admission of the telephone statements constituted harmless error and affirmed the judgment of conviction. *Id*.

Thereafter, Cole filed a pro se petition for post-conviction relief. He also filed a motion for court-appointed counsel which was granted. The State filed an answer and a motion for summary dismissal of the petition on the grounds that the claims were bare and conclusory and not supported by specific facts or evidence sufficient to raise a genuine issue of material fact. The court-appointed counsel filed an opposition to the motion for summary dismissal. Subsequently, counsel was allowed to withdraw and Cole was appointed new counsel. After a hearing, the court summarily dismissed Cole's petition for post-conviction relief. Cole timely appeals.

## II.

## ANALYSIS

Cole's petition for post-conviction relief asserts various ineffective assistance of counsel claims. A petition for post-conviction relief initiates a proceeding that is civil in nature. I.C. § 19-4907; *Rhoades v. State*, 148 Idaho 247, 249, 220 P.3d 1066, 1068 (2009); *State v. Bearshield*, 104 Idaho 676, 678, 662 P.2d 548, 550 (1983); *Murray v. State*, 121 Idaho 918, 921, 828 P.2d 1323, 1326 (Ct. App. 1992). Like a plaintiff in a civil action, the petitioner must prove by a preponderance of evidence the allegations upon which the request for post-conviction relief is based. *Goodwin v. State*, 138 Idaho 269, 271, 61 P.3d 626, 628 (Ct. App. 2002). A petition for post-conviction relief differs from a complaint in an ordinary civil action. *Dunlap v. State*, 141 Idaho 50, 56, 106 P.3d 376, 382 (2004). A petition must contain much more than a short

2

and plain statement of the claim that would suffice for a complaint under Idaho Rule of Civil Procedure 8(a)(1). Rather, a petition for post-conviction relief must be verified with respect to facts within the personal knowledge of the petitioner, and affidavits, records, or other evidence supporting its allegations must be attached or the petition must state why such supporting evidence is not included with the petition. I.C. § 19-4903. In other words, the petition must present or be accompanied by admissible evidence supporting its allegations, or the petition will be subject to dismissal. *Wolf v. State*, 152 Idaho 64, 67, 266 P.3d 1169, 1172 (Ct. App. 2011).

Idaho Code Section 19-4906 authorizes summary dismissal of a petition for post-conviction relief, either pursuant to a motion by a party or upon the court's own initiative, if it appears from the pleadings, depositions, answers to interrogatories, and admissions and agreements of fact, together with any affidavits submitted, that there is no genuine issue of material fact and the moving party is entitled to judgment as a matter of law. When considering summary dismissal, the district court must construe disputed facts in the petitioner's favor, but the court is not required to accept either the petitioner's mere conclusory allegations, unsupported by admissible evidence, or the petitioner's conclusions of law. *Roman v. State*, 125 Idaho 644, 647, 873 P.2d 898, 901 (Ct. App. 1994); *Baruth v. Gardner*, 110 Idaho 156, 159, 715 P.2d 369, 372 (Ct. App. 1986). Moreover, the district court, as the trier of fact, is not constrained to draw inferences in favor of the party opposing the motion for summary disposition; rather, the district court is free to arrive at the most probable inferences to be drawn from uncontroverted evidence. *Hayes v. State*, 146 Idaho 353, 355, 195 P.3d 712, 714 (Ct. App. 2008). Such inferences will not be disturbed on appeal if the uncontroverted evidence is sufficient to justify them. *Id.*

Claims may be summarily dismissed if the petitioner's allegations are clearly disproven by the record of the criminal proceedings, if the petitioner has not presented evidence making a prima facie case as to each essential element of the claims, or if the petitioner's allegations do not justify relief as a matter of law. *Kelly v. State*, 149 Idaho 517, 521, 236 P.3d 1277, 1281 (2010); *DeRushé v. State*, 146 Idaho 599, 603, 200 P.3d 1148, 1152 (2009). Thus, summary dismissal of a claim for post-conviction relief is appropriate when the court can conclude, as a matter of law, that the petitioner is not entitled to relief even with all disputed facts construed in the petitioner's favor. For this reason, summary dismissal of a post-conviction petition may be

3

appropriate even when the state does not controvert the petitioner's evidence. *See Roman*, 125 Idaho at 647, 873 P.2d at 901.

Conversely, if the petition, affidavits, and other evidence supporting the petition allege facts that, if true, would entitle the petitioner to relief, the post-conviction claim may not be summarily dismissed. *Charboneau v. State*, 140 Idaho 789, 792, 102 P.3d 1108, 1111 (2004); *Sheahan v. State*, 146 Idaho 101, 104, 190 P.3d 920, 923 (Ct. App. 2008). If a genuine issue of material fact is presented, an evidentiary hearing must be conducted to resolve the factual issues. *Goodwin*, 138 Idaho at 272, 61 P.3d at 629.

On appeal from an order of summary dismissal, we apply the same standards utilized by the trial courts and examine whether the petitioner's admissible evidence asserts facts which, if true, would entitle the petitioner to relief. *Ridgley v. State*, 148 Idaho 671, 675, 227 P.3d 925, 929 (2010); *Sheahan*, 146 Idaho at 104, 190 P.3d at 923. Over questions of law, we exercise free review. *Rhoades*, 148 Idaho at 250, 220 P.3d at 1069; *Downing v. State*, 136 Idaho 367, 370, 33 P.3d 841, 844 (Ct. App. 2001).

In his petition for post-conviction relief, Cole makes three claims: (1) his trial counsel was ineffective because there was no in-court identification, resulting in a possible mistaken identity on certain relevant facts; (2) his trial counsel was ineffective for failing to discover certain evidence prior to trial and failing to call certain witnesses that could have supported his story and undermined the integrity of the prosecution; and (3) his counsel disclosed information to the prosecution.

A claim of ineffective assistance of counsel may properly be brought under the Uniform Post-Conviction Procedure Act. *Barcella v. State*, 148 Idaho 469, 477, 224 P.3d 536, 544 (Ct. App. 2009). To prevail on an ineffective assistance of counsel claim, the petitioner must show that the attorney's performance was deficient and that the petitioner was prejudiced by the deficiency. *Strickland v. Washington*, 466 U.S. 668, 687-88 (1984); *Self v. State*, 145 Idaho 578, 580, 181 P.3d 504, 506 (Ct. App. 2007). To establish a deficiency, the petitioner has the burden of showing that the attorney's representation fell below an objective standard of reasonableness. *Aragon v. State*, 114 Idaho 758, 760, 760 P.2d 1174, 1176 (1988); *Knutsen v. State*, 144 Idaho 433, 442, 163 P.3d 222, 231 (Ct. App. 2007). To establish prejudice, the petitioner must show a reasonable probability that, but for the attorney's deficient performance, the outcome of the trial would have been different. *Aragon*, 114 Idaho at 761, 760 P.2d at 1177; *Knutsen*, 144 Idaho at

4

442, 163 P.3d at 231. This Court has long adhered to the proposition that tactical or strategic decisions of trial counsel will not be second-guessed on appeal unless those decisions are based on inadequate preparation, ignorance of relevant law, or other shortcomings capable of objective evaluation. *Gonzales v. State*, 151 Idaho 168, 172, 254 P.3d 69, 73 (Ct. App. 2011).

While Cole made several claims below alleging ineffective assistance of counsel, on appeal his arguments center on his claim regarding counsel's alleged failure to call certain witnesses that could have supported his story and proven his innocence. He asserts his counsel failed to offer self-defense as a justification even though he had provided several affidavits as support. Cole does not challenge the summary dismissal of the other claims he made below. He further contends the district court disregarded certain documents he had provided and failed to consider some of the evidence.

Cole argues the district court ignored the inconsistency between his ex-wife's request to modify the no-contact order in which she stated she was not afraid of Cole and her testimony, given over a year later, that she was still scared of him. However, the request to modify was not notarized or authenticated. Thus, the statement was not presented in the form of admissible evidence. Without admissible evidence, other than the trial testimony, there is no inconsistency. While Cole appears to argue that the inconsistency between the statements undermines the credibility of the prosecution, even if his ex-wife had testified at trial that she had written she did not fear Cole when filing the motion to modify, her fear on the date, or lack thereof, is not relevant as to whether she feared Cole on the date of the assault or the date of her trial testimony.

Cole also contends the court did not consider a typed transcript of a handwritten statement made by a woman stating the victims, Cole's ex-wife and the male, "continually tormented" Cole and she witnessed a separate incident where the male, while standing in the doorway of a bar, pointed a gun in Cole's direction as he was driving past. Cole asserts his counsel was ineffective for failing to argue self-defense and that evidence he had been threatened and had previously had a gun pointed at him would be relevant since it would support this theory. However, the statement was not presented in the form of admissible evidence, as it was neither signed nor notarized.

Cole acknowledges the court addressed a written statement provided by a resident of Whitebird in which she stated her daughter-in-law was present during the incident and disputed the victim's version of events. However, as correctly noted by the district court, the statement

5

was hearsay and therefore inadmissible. Cole also recognizes the court considered a notarized affidavit provided by another resident of Whitebird which stated he witnessed the male verbally threaten to kill Cole on a previous occasion. The affidavit also states Cole had told the resident that the male's brother had rammed into Cole's car. The district court concluded the affidavit was irrelevant as it referred to an incident other than the one at issue and appeared to be filed in a separate civil case and was therefore inadmissible. Cole's petition for post-conviction relief and his supporting affidavit do not specifically identify the author of the affidavit as a potential witness or state that his counsel should have known about the author's potential testimony. Furthermore, even if the author were to testify regarding the incidents referred to in his affidavit, these incidents do not bolster the position that Cole felt he was in imminent danger at the time he assaulted the victims, justifying that he was acting in self-defense.

As the district court held, Cole failed to present admissible evidence supporting his allegations that his counsel's performance prejudiced the outcome of the trial. Cole has not presented evidence that supports his position he believed he was in imminent danger or that assaulting the victims was necessary to act in self-defense. Cole has shown no error in the district court's summary dismissal of his claims. The district court did not err by summarily dismissing his petition for post-conviction relief.

### III.
### CONCLUSION

Cole failed to present admissible evidence supporting the allegations of ineffective assistance of counsel. Therefore, the district court's order granting the motion for summary dismissal of the petition for post-conviction relief is affirmed.

Judge HUSKEY and Judge LORELLO **CONCUR**.