**IN THE COURT OF APPEALS OF THE STATE OF IDAHO**

**Docket No. 47638**

| | |
|---|---|
| JACOB STEPHEN DAVIS, | ) |
| | ) **Filed: November 30, 2020** |
| Petitioner-Appellant, | ) |
| | ) **Melanie Gagnepain, Clerk** |
| v. | ) |
| | ) **THIS IS AN UNPUBLISHED** |
| STATE OF IDAHO, | ) **OPINION AND SHALL NOT** |
| | ) **BE CITED AS AUTHORITY** |
| Respondent. | ) |
| | ) |

Appeal from the District Court of the Third Judicial District, State of Idaho, Payette County. Hon. Susan E. Wiebe, District Judge.

Judgment of the district court summarily dismissing petition for post-conviction relief, affirmed.

Ferguson Durham, PLCC; Craig H. Durham, Boise, for appellant.

Hon. Lawrence G. Wasden, Attorney General; Kenneth K. Jorgensen, Deputy Attorney General, Boise, for respondent.

_____

GRATTON, Judge

Jacob Stephen Davis appeals from the district court's judgment dismissing his petition for post-conviction relief. Davis argues that the district court erred by summarily dismissing his post-conviction claims. For the reasons set forth below, we affirm.

**I.**

**FACTUAL AND PROCEDURAL BACKGROUND**

In 2014, the State charged Davis with various crimes in two separate cases. In the first case, Davis was convicted for failing to provide notice of his change of address for the sex offender registry, Idaho Code §§ 18-8304(1); 18-8309(1), (2), and (3); 18-8311(1); and being a persistent violator, I.C. § 19-2514. In the second case, Davis was convicted of two counts of lewd conduct with a minor child under sixteen, I.C. § 18-1508; two counts of sexual battery of a minor child sixteen or seventeen years of age, I.C. § 18-1508A; possession of sexually exploitive material for

1

other than a commercial purpose, I.C. §§ 18-1507, 18-1507A; and an enhancement for being a repeat sex offender, I.C. § 19-2520G.

The district court held a combined sentencing hearing for both cases. In the first case, the court imposed a unified sentence of forty-five years with twenty years determinate. In the second case, the court imposed consecutive unified sentences of thirty-five years, with fifteen years determinate for each of the lewd conduct and sexual battery convictions and a determinate sentence of fifteen years for possession of sexually exploitive material. The court ordered the sentences in each case to be served concurrently with one another. Davis filed a direct appeal and this Court affirmed Davis's judgments of conviction in *State v. Davis*, Docket No. 43818, (Ct. App. Apr. 27, 2017) (unpublished). Subsequently, Davis filed motions for new trials in both cases which the district court denied and the Idaho Supreme Court affirmed in *State v. Davis*, 165 Idaho 709, 451 P.3d 422 (2019).

In 2018, Davis filed a pro se petition for post-conviction relief. In support of his petition, Davis filed an affidavit with numerous attached exhibits. Thereafter, Davis was appointed counsel and, through appointed counsel, Davis filed an amended petition for post-conviction relief. In the amended petition, Davis alleged that the State failed to disclose exculpatory evidence and he received ineffective assistance of counsel. In support of the amended petition, Davis filed an affidavit titled "Declaration in Support of Amended Petition of Post-Conviction Relief" to which Davis attached an exhibit titled "Exhibit 100." Exhibit 100 consisted of a previous affidavit that Davis filed in support of his motions for new trials in the underlying criminal proceedings and the exhibits to the previous affidavit. The State filed a motion seeking to summarily dismiss Davis's petition. After a hearing on the State's motion, the district court summarily dismissed Davis's petition. Davis timely appeals.

## II.

## STANDARD OF REVIEW

A petition for post-conviction relief initiates a proceeding that is civil in nature. I.C. § 19-4907; *Rhoades v. State*, 148 Idaho 247, 249, 220 P.3d 1066, 1068 (2009); *State v. Bearshield*, 104 Idaho 676, 678, 662 P.2d 548, 550 (1983); *Murray v. State*, 121 Idaho 918, 921, 828 P.2d 1323, 1326 (Ct. App. 1992). Like a plaintiff in a civil action, the petitioner must prove by a preponderance of evidence the allegations upon which the request for post-conviction relief is based. *Goodwin v. State*, 138 Idaho 269, 271, 61 P.3d 626, 628 (Ct. App. 2002). A petition for

2

post-conviction relief differs from a complaint in an ordinary civil action. *Dunlap v. State*, 141 Idaho 50, 56, 106 P.3d 376, 382 (2004). A petition must contain much more than a short and plain statement of the claim that would suffice for a complaint under Idaho Rule of Civil Procedure 8(a)(1). Rather, a petition for post-conviction relief must be verified with respect to facts within the personal knowledge of the petitioner, and affidavits, records, or other evidence supporting its allegations must be attached or the petition must state why such supporting evidence is not included with the petition. I.C. § 19-4903. In other words, the petition must present or be accompanied by admissible evidence supporting its allegations, or the petition will be subject to dismissal. *Wolf v. State*, 152 Idaho 64, 67, 266 P.3d 1169, 1172 (Ct. App. 2011).

Idaho Code § 19-4906 authorizes summary dismissal of a petition for post-conviction relief, either pursuant to a motion by a party or upon the court's own initiative, if it appears from the pleadings, depositions, answers to interrogatories, and admissions and agreements of fact, together with any affidavits submitted, that there is no genuine issue of material fact and the moving party is entitled to judgment as a matter of law. When considering summary dismissal, the district court must construe disputed facts in the petitioner's favor, but the court is not required to accept either the petitioner's mere conclusory allegations, unsupported by admissible evidence, or the petitioner's conclusions of law. *Roman v. State*, 125 Idaho 644, 647, 873 P.2d 898, 901 (Ct. App. 1994); *Baruth v. Gardner*, 110 Idaho 156, 159, 715 P.2d 369, 372 (Ct. App. 1986). Moreover, the district court, as the trier of fact, is not constrained to draw inferences in favor of the party opposing the motion for summary disposition; rather, the district court is free to arrive at the most probable inferences to be drawn from uncontroverted evidence. *Hayes v. State*, 146 Idaho 353, 355, 195 P.3d 712, 714 (Ct. App. 2008). Such inferences will not be disturbed on appeal if the uncontroverted evidence is sufficient to justify them. *Id.*

Claims may be summarily dismissed if the petitioner's allegations are clearly disproven by the record of the criminal proceedings, if the petitioner has not presented evidence making a prima facie case as to each essential element of the claims, or if the petitioner's allegations do not justify relief as a matter of law. *Kelly v. State*, 149 Idaho 517, 521, 236 P.3d 1277, 1281 (2010); *DeRushé v. State*, 146 Idaho 599, 603, 200 P.3d 1148, 1152 (2009). Thus, summary dismissal of a claim for post-conviction relief is appropriate when the court can conclude, as a matter of law, that the petitioner is not entitled to relief even with all disputed facts construed in the petitioner's favor. For this reason, summary dismissal of a post-conviction petition may be appropriate even when

3

the state does not controvert the petitioner's evidence. *See Roman*, 125 Idaho at 647, 873 P.2d at 901.

Conversely, if the petition, affidavits, and other evidence supporting the petition allege facts that, if true, would entitle the petitioner to relief, the post-conviction claim may not be summarily dismissed. *Charboneau v. State*, 140 Idaho 789, 792, 102 P.3d 1108, 1111 (2004); *Sheahan v. State*, 146 Idaho 101, 104, 190 P.3d 920, 923 (Ct. App. 2008). If a genuine issue of material fact is presented, an evidentiary hearing must be conducted to resolve the factual issues. *Goodwin*, 138 Idaho at 272, 61 P.3d at 629.

On appeal from an order of summary dismissal, we apply the same standards utilized by the trial courts and examine whether the petitioner's admissible evidence asserts facts which, if true, would entitle the petitioner to relief. *Ridgley v. State*, 148 Idaho 671, 675, 227 P.3d 925, 929 (2010); *Sheahan*, 146 Idaho at 104, 190 P.3d at 923. Over questions of law, we exercise free review. *Rhoades*, 148 Idaho at 250, 220 P.3d at 1069; *Downing v. State*, 136 Idaho 367, 370, 33 P.3d 841, 844 (Ct. App. 2001).

### III.

### ANALYSIS

Davis argues that the district court erred by summarily dismissing his petition for post-conviction relief. Specifically, Davis claims that the district court erred in its scope of review because it strictly construed Davis's claims and supporting documentation. In addition, Davis argues that the district court erred substantively by failing to analyze Davis's claim of newly discovered evidence as a due process violation under *Brady*[1] and, instead, by dismissing the newly discovered evidence claim under *Strickland*.[2] Before addressing Davis's substantive arguments, we must first address Davis's arguments regarding the scope of the district court's review.

**A. Scope of Review**

Davis argues that the district court's scope of review was too limited. Specifically, Davis argues that the district court erred by: (1) failing to consider his original petition and affidavit which he contends that he incorporated by reference into his amended petition; (2) limiting its consideration of Exhibit 100; and (3) failing to take judicial notice of the underlying criminal records. Davis argues that the district court's scope of review constituted error because the

---

[1]     *Brady v. Maryland*, 373 U.S. 83 (1963).

[2]     *Strickland v. Washington*, 466 U.S. 668 (1984).

4

Uniform Post-Conviction Procedures Act requires courts to focus on "the substance of the petition regardless of defects in form."

### 1.      Incorporation by reference

Davis argues that the district court incorrectly failed to consider the contents of his original petition or the affidavit that he attached to his original petition, which Davis claims he incorporated by reference into his amended petition.

In the State's motion for summary dismissal, before addressing Davis's claims, the State argued that the original petition and affidavit should not be considered because they were replaced and superseded by the amended petition and amended affidavit. In addition, the State argued:

> Indeed, Respondent objects to consideration in this matter of any arguments or allegations made in the original Petition, Exhibit 100, or the unreferenced exhibits attached to the original affidavit that are not explicitly repeated or referenced in the amended Petition or additional Declaration. Those arguments and the corresponding citations and references associated with them, however sparse and inaccurate they may have been, have been entirely abandoned and replaced, and Respondent has proceeded in this matter understanding that those items would not be considered. However, should Petitioner argue or the Court decide otherwise, Respondent reserves the right to supplement this brief and address those arguments, either before or after the summary dismissal hearing, because even when considered, they fail to establish a genuine issue of material fact sufficient to survive summary dismissal.

In response, Davis argued:

> Respondent's objection for the inclusion of Exhibit 100 is misplaced since the arguments found therein are impliedly incorporated in paragraphs V through IX of the amended petition. Also, in paragraph 5(e) of Petitioner's supporting Declaration explicitly states the incorporation of Exhibit 100. Petitioner has proceeded with this matter understanding that those items would be considered.

Ultimately, the district court concluded it would not consider the contents of the original petition and affidavit because Davis failed to adequately incorporate them by reference.

On appeal, Davis "doesn't dispute that an amended petition generally takes the place of an original petition, but he does dispute that he failed to incorporate at least the prior affidavit into his amended petition." Davis relies on the following language, which is located within his ineffective assistance of counsel claim in his amended petition, and argues that the language incorporated "at least" his original affidavit and likely his original petition into his amended petition: "a motion to suppress would have been granted as evidenced by the sample motion and legal arguments set forth in the Affidavit of Jacob Davis in Support of Petition for Post-Conviction Relief filed herein."

5

In response, the State contends that Davis's argument is not preserved for appeal and even if it is, he failed to appropriately incorporate his prior petition or affidavit by reference in his amended petition. We agree with the State.

First, we conclude that Davis's argument is not preserved for appeal. As set forth above, Davis argued below that he impliedly incorporated Exhibit 100 into his amended petition and expressly incorporated Exhibit 100 into the amended affidavit. On appeal, Davis changes course, relies on specific language from his amended petition, and argues that he explicitly incorporated items from his original affidavit by references made in his amended petition. In other words, Davis argued below he implicitly incorporated Exhibit 100 into the amended petition and expressly incorporated Exhibit 100 into the amended affidavit, but now, on appeal, he argues he explicitly incorporated his original affidavit. Davis did not provide argument below to the district court, in neither the briefing nor the summary dismissal hearing, that the original petition or original affidavit were incorporated by reference. Davis does not present the same argument upon which he relied below and has failed to preserve his new argument for appeal. *See State v. Garcia-Rodriguez*, 162 Idaho 271, 275, 396 P.3d 700, 704 (2017) ("Issues not raised below will not be considered by this court on appeal, and the parties will be held to the theory upon which the case was presented to the lower court.").

Second, regardless if Davis preserved his argument for appeal, we conclude that the district court did not err by refusing to consider Davis's original petition and affidavit because Davis did not incorporate either document into his amended petition by reference. As Davis concedes, the original petition and affidavit were replaced by the amended petition and affidavit. *See W.L. Scott, Inc. v. Madras Aerotech, Inc.*, 103 Idaho 736, 739, 653 P.2d 791, 794 (1982) ("The amendment of the complaint supersedes the original complaint and all subsequent proceedings are based upon the amended complaint."). The language that Davis claims incorporated the previous affidavit and petition by reference is not sufficient to put the State on notice of Davis's alleged intent to incorporate those documents into his amended petition. *See Youngblood v. Higbee*, 145 Idaho 665, 668, 182 P.3d 1199, 1202 (2008) (a proper complaint puts "the adverse party on notice of the claims brought against it"). The language does not mention, much less incorporate the prior petition. The language does mention a "sample motion and legal arguments" set forth in the original affidavit. However, Davis's mere mention of a document within his ineffective assistance of counsel claim in the amended petition does not incorporate that entire document and all of its

6

legal arguments into the amended petition as if fully set forth therein. *See, e.g.*, *Sanders Orchard v. Gem Cty. ex rel. Bd. of Cty. Comm'rs*, 137 Idaho 695, 699, 52 P.3d 840, 844 (2002) (concluding that requirement that the board "consider" comprehensive plan did not incorporate that plan or any of its provisions by reference). Accordingly, Davis has failed to show that the district court erred by refusing to consider the original petition and affidavit.

### 2. Exhibit 100

Davis argues that the district court erred by strictly construing Exhibit 100. As discussed above, Exhibit 100 consisted of a previous affidavit that Davis filed in support of his motions for new trials in the underlying criminal proceedings and the exhibits to the previous affidavit. The district court concluded that Davis had incorporated Exhibit 100 by reference into his amended affidavit and, after applying I.R.C.P. 56(c)(4), concluded that it would only consider the content contained in Exhibit 100 that appeared to be within Davis's personal knowledge.

On appeal, Davis argues that the district court erred by applying I.R.C.P 56(c)(4) and I.C. § 19-4903 and failing to consider the substance of Exhibit 100 over the form. Davis contends that "In providing the district court with Exhibit 100, Davis was attempting to comply with the particularity requirement by proffering what he believed the new and missing evidence was and why it was important to the defense." The State argues that the district court properly applied I.R.C.P. 56(c)(4) and properly disregarded the inadmissible portions of Exhibit 100.

We conclude that the district court did not err by applying I.R.C.P. 56(c)(4) to Exhibit 100. Davis does not argue that the district court erred by concluding that Exhibit 100 was incorporated by reference into his amended affidavit. However, Davis takes issue with the district court applying the Idaho Rules of Civil Procedure to Exhibit 100 and treating its content like all other content in the affidavit. Idaho Rule of Civil Procedure 56(c)(4) requires that "An affidavit used to support or oppose a motion" be "made on personal knowledge, set out facts that would be admissible in evidence, and show that the affiant or declarant is competent to testify on the matters stated." Although Davis argues that he was "attempting" to comply with certain requirements, Davis did not comply with I.R.C.P. 56(c)(4). The district court properly applied I.R.C.P. 56(c)(4) and limited its consideration of Exhibit 100 to what appeared to be within Davis's personal knowledge. Accordingly, Davis has not shown that the district court erred in its consideration of Exhibit 100.

7

### 3. Judicial notice

Davis claims that the district court erred by failing to take judicial notice of the underlying criminal records. Below, Davis filed his initial petition for post-conviction relief and included a motion requesting the district court take judicial notice of the entirety of five criminal case files. Davis did not file a brief in support of that motion or notice the motion for hearing. Thereafter, Davis filed his amended petition. In its order granting the State's motion for summary dismissal, the district court articulated various items for which it took judicial notice.

On appeal, Davis argues that the court erred by failing to take judicial notice of the entire underlying criminal records as requested in his motion. In making this argument, Davis concedes that he did not supply the court with the underlying records when he filed his motion but argues that he was acting pro se at the time. In addition, Davis faults the district court for not requiring the State to provide the records because the State "bears an equal responsibility under the UPCPA to provide the court with those records." In response, the State argues the district court did not err by failing to consider or take judicial notice of the underlying criminal records to which Davis failed to cite. The State contends that, contrary to Davis's assertion, it was Davis's duty and not the State or the district court's duty to search the underlying criminal records to find evidence to support Davis's claims.

We conclude that the district court did not err by failing to rule on Davis's motion or take judicial notice of the entirety of the files in the underlying criminal cases. Idaho Rule of Evidence 201(c) states that "the court: (1) may take judicial notice on its own; or (2) must take judicial notice if a party requests it and the court is supplied with the necessary information." First, Davis concedes he did not supply the court with the records that he was requesting to be noticed when he filed the motion accompanying his initial petition. Davis was required to do so under I.R.E. 201(c). Moreover, Davis was required to point to specific portions of the records, and not the underlying records generally, so that the district court was aware of the relevant portions. *See* I.R.E. 201(c) ("When a party requests judicial notice of records, exhibits, or transcripts from the court file in the same or a separate case, the party must identify the specific items for which judicial notice is requested or offer to the court and serve on all parties copies of those items."). The district court is not required to comb through all of the underlying records and take judicial notice of items that support Davis's claims.

Second, Davis did not appropriately notice the motion for a hearing. Third, and as discussed above, the amended petition superseded the original petition. *See Scott v. Madras*, 103 Idaho at 739, 653 P.2d at 794. Davis did not request that the court take judicial notice of any documentation in relation to his amended petition and the court was not required to examine attachments to a petition that was superseded. Finally, although Davis faults the State and the district court for their failure to take notice or attach the entire underlying criminal records, Davis also had a duty to attach the portions that were relevant to his own claim. Davis failed to do so and the district court appropriately took judicial notice of certain items within the underlying criminal records sua sponte. Accordingly, Davis has failed to show that the district court erred by taking judicial notice of specific documents in the underlying records.

**B.      Newly Discovered Evidence**

Notwithstanding his claims of procedural error, Davis argues that the district court erred by summarily dismissing his post-conviction claims. First, Davis argues that the district court erred by failing to analyze his claim that the prosecutor failed to turn over certain evidence as a due process or *Brady v. Maryland*, 373 U.S. 83 (1963) violation. Second, Davis makes the related argument that, if the prosecutor did turn the evidence over, his trial counsel was ineffective for failing to use the evidence.

Below, Davis contended that he discovered evidence that would have assisted his cross-examination of witnesses at trial. Under the "material fact" section of his amended petition, Davis mentioned that the State had an obligation to disclose various evidence under Idaho Criminal Rule 16 and under *Brady*. The State filed a motion for summary dismissal. In relation to Davis's newly discovered evidence claim, the State argued that Davis failed to set forth a viable claim of newly discovered evidence under *State v. Drapeau*, 97 Idaho 685, 551 P.2d 972 (1976) or a viable due process claim under *Brady*. Davis responded to the State's motion for summary dismissal and argued that he set forth a viable claim of newly discovered evidence under *Drapeau*. The district court dismissed Davis's *Drapeau* claim concluding that he could have raised the issue on direct appeal and the claim failed on the merits. Specifically, the district court concluded that Davis failed to present a prima facie case under *Drapeau* because, in pertinent part, Davis "failed to show that this evidence was never disclosed to his trial counsel or that it does in fact exist." Among other things, the district court determined Davis did not present prima facie evidence of ineffective assistance of counsel for failing to acquire the newly discovered evidence. In particular, the court

9

explained that Davis did not present evidence that his trial counsel's performance was deficient because Davis did not show what was and was not disclosed to his trial counsel "so the Court ha[d] no way of knowing if his trial counsel did, in fact, actually fail to obtain [the evidence]."

On appeal, Davis does not challenge the district court's decision regarding the *Drapeau* test. Rather, Davis contends that the district court erred by failing to apply a due process analysis under *Brady*. Specifically, Davis argues:

> The amended petition was a bit of a rush-job by Davis's second appointed attorney. But a reasonable and fair construction of the substance of the claims is that Davis was alleging two sides of the same coin. That is, he was alleging that *if* the State withheld material evidence from the defense, then it was a violation of *Brady* or *Drapeau* and supported a new trial. But *if* the State had turned it over to Davis's trial counsel in discovery, then Davis was deprived of his right to the effective assistance of counsel under *Strickland* because his counsel did not use that evidence and it prejudiced him. One way or the other, Davis asserted, one of his constitutional rights was violated. The district court erred in failing to consider these factual allegations to resolve whether they set forth a prima facie case on *Brady* or *Strickland*.

In response, the State contends that Davis's *Brady* argument is not preserved for appeal because Davis did not ask that the district court apply *Brady* to his newly discovered evidence argument in response to the State's motion for summary dismissal. Even so, the State contends that Davis's *Brady* claim fails for the same reason that his *Drapeau* and ineffective assistance of counsel claims fail. That is, Davis did not show whether the evidence was or was not suppressed by the State.

We conclude that Davis did not preserve his *Brady* claim for appeal. Davis did not present a *Brady* argument anywhere in his briefing below. In the factual allegations set forth in his amended petition, Davis mentioned *Brady* but did not present a *Brady* claim as an opposition to the State's motion for summary dismissal. Not surprisingly, the district court did not directly address *Brady* when it made its ruling regarding Davis's claim of newly discovered evidence. Because Davis did not make a *Brady* claim below, he has not preserved his argument for appeal. *State v. Fodge*, 121 Idaho 192, 195, 824 P.2d 123, 126 (1992) (concluding that generally, issues not raised below may not be considered for the first time on appeal).

In addition, we conclude that, even if Davis did preserve a *Brady* claim, his claim, like his ineffective assistance of counsel and *Drapeau* claims, fails on the merits. "Proving a *Brady* violation requires a three-part showing: (1) The evidence at issue must be favorable to the accused, either because it is exculpatory, or because it is impeaching; (2) that evidence must have been

10

suppressed by the State, either willfully or inadvertently; and (3) prejudice must have ensued." *Thumm v. State*, 165 Idaho 405, 422, 447 P.3d 853, 870 (2019). In dismissing Davis's *Drapeau* claim and as set forth above, the district court concluded that Davis failed to show that the challenged evidence was not produced by the State. Davis does not challenge this finding and, because Davis is required to make a showing that the evidence was suppressed by the State to be entitled to an evidentiary hearing under *Brady*, the finding precludes Davis's success under *Brady*.

Moreover, as illustrated above, Davis concedes that he is not aware (1) if the evidence was not produced, or (2) if the evidence was produced and not used by trial counsel. However, Davis is required to present prima facie evidence of each element of a claim in order to overcome summary dismissal of his post-conviction petition. *Kelly*, 149 Idaho at 521, 236 P.3d at 1281. In light of Davis's concession, Davis cannot present prima facie evidence of a *Brady* claim because he cannot show that the State failed to produce the evidence. *See Thumm*, 165 Idaho at 422, 447 P.3d at 870. Additionally, and for the same reason, Davis cannot present prima facie evidence of an ineffective assistance of counsel claim because he cannot show that his trial counsel's performance was deficient for receiving but failing to use the evidence.[3] Accordingly, we conclude that the district court did not err by summarily dismissing Davis's claims.

**IV.**

**CONCLUSION**

The district court did not err by granting the State's motion for summary dismissal. Therefore, the judgment of the district court summarily dismissing Davis's post-conviction petition is affirmed.

Chief Judge HUSKEY and Judge BRAILSFORD **CONCUR**.

---

[3]     Davis concludes his brief by stating that "he is serving 75 years in prison until he is even eligible for parole and is entitled to a thorough and careful look" at his claims. As discussed above, the district court reviewed Davis's petition and Davis failed to meet the standard required to obtain an evidentiary hearing.

11